IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY L. HARRIS : | |
| : | CIVIL ACTION |
| *Plaintiff* : | |
| : | NO. 04-CV-369 |
| vs. : | |
| : | |
| DOMESTIC RELATIONS SECTION, ET AL. : | JUDGE SEAN J. MCLAUGHLIN |
| : | |
| *Defendants* : | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED ON BEHALF OF
THE HONORABLE STEPHANIE DOMITROVICH AND THE DOMESTIC RELATIONS
SECTION OF THE COURT OF COMMON PLEAS OF ERIE COUNTY**

**NOW COME DEFENDANTS**, the Honorable Stephanie Domitrovich, Judge of the Court of Common Pleas of Erie County, Pennsylvania and the Domestic Relation section of the Court of Common Pleas of Erie County, by and through undersigned counsel, and hereby moves this Honorable Court to dismiss Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure, Rule 12 (b)(6), averring in support thereof as follows:

1.　Plaintiff fails to state a claim upon which relief can be granted as to said Defendants.

　　a.　To the extent Plaintiff seeks damages against Judge Domitrovich, such claim is wholly barred by the doctrine of judicial immunity and 42 U.S.C. §1983, barring injunctive relief against judges.

　　b.　To the extent Plaintiff seeks declaratory or injunctive relief; such claims are wholly barred by the Rooker-Feldman doctrine.

1

      c.    Eleventh Amendment immunity and bars and claim Plaintiff could make against Judge Domitrovich in her official capacity and the Domestic Relations Session of the Court of Common Pleas of Erie County; in addition, Judge Domitrovich in her official capacity and the Domestic Relations Section are not persons for purposes of the civil rights enabling statute, 42 U.S.C.§1983.

**WHEREFORE**, Defendants, the Honorable Stephanie Domitrovich and the Domestic Relations Section of the Court of Common Pleas of Erie County, respectfully requests this Honorable Court to enter an Order dismissing all claims against said Defendants, with prejudice.

    Respectfully submitted,

**S/A. Taylor Williams**
A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. PA33149
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

***Attorney for Judicial Defendant,
Honorable Stephanie Domitrovich***

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY L. HARRIS | : |
| *Plaintiff* | : CIVIL ACTION |
| | : NO. 04-CV-369 |
| vs. | : |
| DOMESTIC RELATIONS SECTION, ET AL. | : JUDGE SEAN J. MCLAUGHLIN |
| *Defendants* | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FILED ON BEHALF OF DEFENDANTS**

**I.    INTRODUCTION**

Plaintiff Corey Harris, acting pro se, has filed a rambling Complaint against, *inter alia*, state court Judge Stephanie Domitrovich and the Domestic Relations Section of the Court of Common Pleas of Erie County. Plaintiff contends that the actions of Judge Domitrovich and the Domestic Relations Section in assessing and enforcing child support obligations as to Mr. Harris violates his civil rights. Plaintiff claims his requests for modification of the child support order were denied.

Because the Complaint is difficult to understand, the exact relief Plaintiff seeks is not clear. It is, however, clear that he is unable to state a claim for relief of any kind whatsoever against Judge Domitrovich or the state court Domestic Relations Section.

**II.    ARGUMENT**

    **A.    Plaintiff can state no claim against Judge Domitrovich or the Domestic Relations Section of the Court of Common Pleas, and Plaintiff's Case must be dismissed, with prejudice.**

1

### 1. Plaintiff's claims are barred by Absolute Judicial Immunity

Plaintiff's Complaint purports to sue Judge Domitrovich for actions taken solely in her judicial capacity, as a judge of the Court of Common Pleas of Erie County. The doctrine of judicial immunity is an absolute bar to this suit for damages against Judge Domitrovich, since all of Plaintiffs' factual allegations relate to actions taken by Judge Domitrovich within the jurisdiction of her court, and in her judicial capacity. Any child support orders are clearly within Judge Domitrovich's jurisdiction. Moreover, any sentence of incarceration or work release as referenced in Plaintiff's Exhibit 31-A to his Motion to Order service is clearly within the jurisdiction of the state common pleas court, which is a court of general jurisdiction.

The United States Supreme Court has made clear, as early as 1872 that judges "are not liable in civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. 335, 351, 20 L.Ed. 646 (1872). Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman, 793 F.2d at 1074 (citing Cleavinger v. Saxner, 474 U.S.193, 88 L. Ed.2d 507, 106 S. Ct. 496 (1985) (quotations omitted)). Judicial immunity is not affected "by the motives with which their [Judges] judicial acts are performed." 793 F.2d at 1077.

Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, in excess of the judge's authority, Stump v. Sparkman, supra, or even where, as here, they are claimed to have been performed as

2

a result of an alleged conspiracy with others. Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

Judges are immune from liability when (1) the judge has jurisdiction over the subject matter before him, and (2) he is performing a judicial act. Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

### a. Judge Domitrovich did not act in the absence of all jurisdiction.

Judges of the Pennsylvania courts of common pleas have broad judicial powers including "unlimited original jurisdiction of all actions and proceedings." Pa. Const. Art. V, §5(b); 42 Pa. Const. Stat. Ann. §931 (Purdon 1981). Therefore, Judge Domitrovich clearly had jurisdiction over Plaintiff's criminal case.

None of the alleged actions by Judge Domitrovich divested her of jurisdiction; moreover, each of the acts, taken in the context of Plaintiff's case before Judge Domitrovich, was a judicial act. For this reason, Judge Domitrovich is entitled to absolute judicial immunity.

The "scope of. . . jurisdiction must be construed broadly where the issue is the immunity of the judge. Stump v. Sparkman, supra., 435 U.S. at 356. None of the acts identified by Plaintiff is actionably extra-jurisdictional. Moreover, grave procedural errors or acts in excess of judicial authority do not deprive a judge of immunity. Id., 435 U.S. 349, 355-57. For Judicial Defendant to have violated Plaintiff's constitutional rights, he would have to be acting in "clear absence of jurisdiction, rather than mere excess of jurisdiction." Stump v. Sparkman, supra., 435 U.S. 349, 357.

In the instant case, Judge Domitrovich acted within the bounds of common pleas jurisdiction under Pennsylvania law and cannot be divested of the absolute immunity to which judges are fully entitled.

### b. At all times alleged in Plaintiff's Complaint, Judge Domitrovich was performing judicial acts.

In <u>Mireles v. Waco</u>, 502 U.S. 9; 112 S. Ct. 286; 116 L. Ed.(1991), the U.S. Supreme Court reiterated and strengthened established caselaw on the doctrine of immunity: that the immunity can only be overcome in two instances, where a judge's act is "nonjudicial," and where a judge acts in the complete absence of all jurisdiction.

In <u>Mireles</u>, the plaintiff alleged that the judge ordered police officers to use excessive force to bring the Mireles plaintiff, a lawyer who had not appeared for the call of the judge's calendar, into the judge's courtroom. The Supreme Court found that, although a judge's direction to police officers to carry out a judicial order with excessive force is not a "function normally performed by a judge," it retained its quality as a "judicial act, <u>because it related to a general function normally performed by a judge</u>." [emphasis supplied].

Plaintiff's allegations of conspiracy do not defeat judicial immunity. A judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." <u>Mireles v. Waco</u>, supra, 502 U.S. 9, at 13 (citing <u>Forrester v. White</u>, 484 U.S. at 227.) Nor do Plaintiff's claims that Judge Domitrovich's actions were performed as a result of an alleged conspiracy with the other defendants, divest Judge Domitrovich of immunity. <u>Dennis v. Sparks</u>, <u>supra</u>.

As is clear from the allegations of the Complaint, each judge acted at all times solely in her capacity as the judge presiding over Plaintiff's support or criminal case.

4

Finally, at all times referenced in the Complaint, Plaintiff dealt with Judge Domitrovich in her capacity as a Judge of the Court of Common Pleas, and in no other context. All of the allegations against Judge Domitrovich, therefore, constitute "judicial acts" within Judicial Defendant's jurisdiction. Moreover, ruling on petitions and issuing orders in criminal cases, which are the basis of Plaintiff's claims against Judge Domitrovich here, are quintessential judicial acts.

Judicial immunity should not be lightly cast aside, considering its important purpose to benefit the public "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554 87 S. Ct. 1213, 18 L. Ed.2d 288 (1967) The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus. Butz v. Economou, 438 U.S. 478, 512, 98 S. Ct. 2894, 57 L. Ed.2d 895 (1978).

Plaintiff's claims for damages against Judge Domitrovich must be dismissed with prejudice. Nor can Plaintiff prevail on any claim for injunctive relief, as such relief is specifically barred by §1983.

### 2. Plaintiff's claims are barred by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine bars Plaintiff's claims; the doctrine divests the federal courts from jurisdiction over Plaintiff's Complaint.

It is well-settled that federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992).

5

Under the long-established "Rooker-Feldman" doctrine, a federal district court has no authority to review judgments of a state court. Review of such judgments may be had only in the state appellate courts and in the United States Supreme Court. The Rooker-Feldman doctrine applies in the §1983 context, and operates whether or not the state litigation has reached the state's highest court. Port Authority PBA v. Port Authority of N.Y. and N.J., 973 F.2d 169 (3d Cir. 1992), citing Worldwide Church of God v. McNair, 805 F.2d 888. 893 n.3. (9th Cir. 1986). Moreover, the doctrine applies even whereas plaintiff alleges deprivations of federally protected due process and equal protection rights. Feldman, supra., 460 U.S. at 485. If the constitutional claims presented to the federal district court are "inextricably intertwined" with the state court's action, then the district court is in essence being called upon to review the state court decision. Id. at 483-84, n. 16.

Every allegation in Plaintiff's Complaint is barred by the Rooker-Feldman doctrine. The allegations as to Judge Domitrovich clearly involve actions he took as the trial judge in the criminal proceeding before him.

In order to grant Plaintiff the civil relief he seeks from this Honorable Federal Court, this Court would be required to review each of the judicial decisions made by Judge Domitrovich. This Court may not do so under the Rooker-Feldman doctrine.

Indeed, Plaintiff's proper course was to appeal the decisions of Judge Domitrovich that Plaintiff questions in his Complaint. However, he may not sue the judge in a civil action based on the judge's rulings in his prior case before that judge without running afoul of the Rooker-Feldman Doctrine.

6

Under the Rooker-Feldman doctrine, a "losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06, 114 S. C. 2647, 129 L. Ed.2d 775 (1994).

This Honorable Court has been divested of jurisdiction in this case by the Rooker-Feldman doctrine. Thus, Plaintiff's claims against Judge Domitrovich, including the claim for declaratory relief, are wholly barred.

> **3.    Plaintiff's claims against Judge Domitrovich in her official capacity and his claims against the Court Domestic Relations Section are barred because the court entity and official capacity are not "persons" under the civil rights enabling statute; moreover, the claims are barred Eleventh Amendment immunity.**

Plaintiff's Complaint seeks to sue Judge Domitrovich in her official capacity. (Complaint, ¶1). However, when a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent. Hafer v. Melo, 502 U.S. 21, 26 (1991).

1 Pa.C.S. §2310 provides that "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." *See also*, 42 Pa.C.S. §8521. The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system," 42 Pa.C.S. §102, while "court" includes any one or more of the judges of the court . . . ."

7

Thus, the Commonwealth of Pennsylvania is a sovereign and has not expressly waived its immunity. Pennsylvania's exceptions to sovereign immunity are set forth at 42 Pa.C.S.A. §8522. The claims set forth by Plaintiff are not within the statutory exceptions to sovereign immunity.

Moreover, The federal courts have consistently held that state courts such as the Court of Common Pleas of Erie County, in which Judge Domitrovich sits, and Court entities, as the Erie County Domestic Relations Section of the Court, are arms of the state and are therefore immune from liability under 42 U.S.C. §1983. For this reason Callahan v. City of Philadelphia, et al., 207 F.3d 668 (3d Cir. 2000)(Warrant Division and Eviction Unit of the Court of Common Pleas and the Municipal Court Eviction Unit of the First Judicial District are state government entities which did not constitute "persons" under 42 U.S.C. §1983); Reiff v. Philadelphia Court of Common Pleas, 827 F. Supp 319 (E.D. Pa 1993) (Court of Common Pleas of Philadelphia is a state entity which cannot be sued under §1983); Schwartz v. Philadelphia Court of Common Pleas, 1993 U.S. Dist. LEXIS 16004 (E.D. Pa. 1993) (Court of Common Pleas of Philadelphia is a state entity which cannot be sued under §1983); Robinson v. Court of Common Pleas of Philadelphia, 827 F. Supp. 1210 (E.D. Pa. 1993); (Court of Common Pleas of Philadelphia is a state entity entitled to 11th Amendment Immunity); Pokrandt v. Shields 773 F. Supp. 758, 764 (E.D.Pa. 1991) (Court of Common Pleas of Schuylkill is a state entity which cannot be sued); Clark v. Court of Common Pleas of Chester County, 1992 U.S. Dist. LEXIS 1834 (E.D.Pa. 1992) Court of Common Pleas entitled to 11th Amendment immunity and is not a person for purposes of §1983); Holt v. Superior Court, supra. (E.D. Pa. 1992) (judicial entities are not "persons " under §1983); Mayercheck v. Supreme Court of Pa., et al., Civ.

8

Act. No. 90-16 (W.D.Pa. 1990), affirmed, 919 F.2d 136 (3d. Cir. 1990) (Supreme Court of Pennsylvania and Court of Common Pleas of Allegheny County entitled to 11th Amendment immunity); In Re Colon v. Hart, 114 B.R. 890, 893 (Bkrtcy. E.D. Pa. 1990), appeal dismissed sub nom. Szostek v. Hart, 123 B.R. 719 (E.D. Pa. 1991), affirmed in part and appeal dismissed in part sub nom, In Re Colon, 941 F.2d 242 (3d. Cir. 1991), (Philadelphia Traffic Court is a Commonwealth entity cloaked with Eleventh Amendment immunity); Mourat v. Common Pleas Court of Lehigh County, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981)(Court of Common Pleas of Lehigh County immune from suit under §1983); Fox v. Juvenile Court, 321 F.Supp 67 (E.D.Pa. 1970)(Philadelphia Juvenile Court not a "person" within the meaning of the civil rights act; Lancaster v. PECO, 386 F.Supp. 934, 940 (E.D.Pa. 1975)(Supreme Court of Pennsylvania not a "person" under §1983).

Pennsylvania has not consented to suit in this instance, and its court entities are therefore entitled to sovereign and Eleventh Amendment immunity. In addition, the court entity which Plaintiff sues is "not a person" under §1983. Callahan, supra. Therefore, Plaintiff's official capacity suit against Judge Domitrovich and his suit against the Domestic Relations Section of the Court of Common Pleas of Erie County must be dismissed.

**III.     CONCLUSION**

No further Amendment can cure the defects in Plaintiff's Complaint as to Judicial Defendants, the Honorable Stephanie Domitrovich and the Domestic Relations Section of the Court of Common Pleas of Erie County.  Therefore, said Judicial Defendants respectfully request this Honorable Court to dismiss Plaintiff's claims against them, with prejudice.

Respectfully submitted,

**s/A. Taylor Williams**
A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. PA33149
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

***Attorney for Judicial Defendant,
Honorable Stephanie Domitrovich***

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY L. HARRIS : | |
| : | CIVIL ACTION |
| *Plaintiff* : | |
| : | NO. 04-CV-369 |
| vs. : | |
| : | |
| DOMESTIC RELATIONS SECTION, ET AL. : | JUDGE SEAN J. MCLAUGHLIN |
| : | |
| *Defendants* : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 23, 2005, she personally caused to be served upon the following a true and correct copy of the foregoing *Motion to Dismiss,* by mailing same first class, postage pre-paid, U.S. mail to:

Corey L. Harris
P.O. Box 3618
Erie, PA 16508
Pro Se Plaintiff

s/A. Taylor Williams
A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. PA33149
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486