# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PA.

COREY L. HARRIS (PLAINTIFF) PRO SE

VS.

DOMESTIC RELATIONS SEC.
 (DEFENDANTS) ET, AL

JUDGE SUSAN PARADISE BAXTER

C.A. NO. 04-369-E

JUDGE SEAN J. MCLAUGHLIN

9/07/05

E.C.P. ID NO. 2428

### MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT TO CORRECT CURES

PLAINTIFF COREY HARRIS, ACTED PROSE TO RULES 15(A) AND 19(A) FED. R. CIV. P., REQUEST LEAVE TO FILE AN AMENDED COMPLAINT ADDING NEW LEGAL CLAIMS ON THE DEFENDANTS ET, AL. DOMESTIC RELATIONS SEC, HONORABLE STEHANIE DOMITROVICH.

### CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAN ON THE 7TH DAY OF SEPTEMBER, 2005 A COPY OF THE WITHIN DOCUMENTS OF MOTION AND THE AMENDED COMPLAINT WAS SERVED TO ALL ~~COXX~~ COUNSEL OF RECORD.

C.C. A. TAYLOR WILLIAMS, ESQUIRE
 U.S. CLERK OF COURTS

COREY L. HARRIS

Corey L. Harris PROSE
9/07/05

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BERNICE N. SMITH, NOTARY PUBLIC
ERIE, ERIE COUNTY, PENNA.
MY COMMISSION EXPIRES ON SEPTEMBER 15, 2008

9/7/05

COREY HARRIS (PLAINTIFF) PRO SE                C.A. NO. 04-369-E

    VS.                                        E.C.P. ID NO 2428

DOMESTIC RELATIONS SEC, (DEFENDANT) ET, AL     9/07/05

    PLAINTIFF HAS FILED THIS MOTION TO DENIE THE DEFENDANTS MOTION TO DISMISS. PLAINTIFF IS PETITIONING THE COURT TO DENIE THE DEFENDANTS MOTION TO DISMISS COMPLAINT SOLELY ON ROOKER-FELDMAN DOCTRINE OF THE 11TH AMENDMENT JUDICIAL IMMUNITY STATUTE MENTIONED 31 TIMES IN THE DEFENDANTS MOTION.

### AFFIRMATIVE OFFENSE ALLEDGEMENT (1) ONE.

1. PLAINTIFF, COREY HARRIS ACTING AS PRO SE WOULD LIKE TO STATE THE FOLLOWING ALLEDGEMENTS AS FOLLOWED. THE DOMESTIC RELATIONS SEC, IS OPERATING OUT OF THEIR JURISDICTION. THE JURISDICTION OF THE DOMESTIC RELATIONS SEC, IS ONE OF MANY ISSUES FOR THIS ALLEDGEMENT. BECAUSE OF THE INTERSTATE TRANSACTION IN THE FORM OF THE THIRD CLASS CITY CODE LAWS. THIRD CLASS CITY CODE LAW GIVE JURISDICTION THE POWER OR AUTHORITY TO ADMINISTER JUSTICE BY HEARING AND DETERMINING THE OUTCOME OF CONTROVERSIES. IT ALSO GIVEN THE POWER TO AUTHORIZE CONTROL TO THE EXTENT OF JUDICIAL LAW BY ENFORCEMENT.

### MEMORANDUM OF LAW REPORT

THE COURT JUDGES INTERPRET THE LAWS ON THE BASIS OF PRECEDENT TO AVOID SUIT ON THE BASIS OF SECTION 42, U.S.C. 1983 THE PLAINTIFFS ALLEDGMENT WILL SHOW THAT AN OFFICIAL OF THE STATE OR LOCAL GOVERNMENT OR SOMEONE ACTING WITH AUTHORITY FROM THE STATE OR LOCAL COUNTY GOVERNMENT VIOLATED PLAINTIFFS RIGHTS UNDER THE U.S. GOVERNMENT OF FEDERAL LAW BASED ON ONE OR MORE CONSTITUTIONAL AMENDMENTS. 4TH, 5TH, 6TH, 8TH AND 14TH AMENDMENTS

RIGHTS OF THE PLAINTIFF WERE VIOLATED BY THE DEFENDANTS ET, AL. THIS ALLEDGEMENT WILL SHOW THAT THE PLAINTIFFS FOURTH (4TH), FIFTH (5TH), SIXTH (6TH), EIGHT (8TH) AND FOURTEENTH (14TH) AMENDMENT RIGHTS WERE VIOLATED BY THE COURTS HONORABLE STEPHANIE DOMITROVICH, AND THE COURT OF COMMON PLEAS DOMESTIC RELATIONS SEC, OF ERIE COUNTY. RESAULTING NOW OF A FIFTH (5TH) AMENDMENT VIOLATION OF DOUBLE JEOPARDY OF LIFE OR LIMB, AND BEING DEPRIVED OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW, NOR SHALL PRIVATE PROPERTY BE TAKEN FOR PUBLIC USE WITHOUT JUST COMPENSATION.

### AFFIRMATIVE OFFENSE ALLEDGEMENT 1-A

PLAINTIFF STATES THE DEFENDANTS MOTION FOR JUDICIAL IMMUNITY SHOULD BE DENIED BASED ON ALLEDGE FACTS. ONE (1) PLAINTIFFS RIGHTS WERE VIOLATED. THE PLAINTIFFS RIGHTS THAT WERE VIOLATED WERE CLEARLY ESTABLISHED IN PLAINTIFFS COMPLANT OF HIS CIVIL RIGHTS COMPLIANT AND HIS AMENDED COMPLAINT. PLAINTIFF STATES THE ACTION GIVEN BY THE DEFENDANT IS AN ILLEGAL SENTENCE WHICH CLEARLY VIOLATED PLAINTIFFS SIXTH (6TH) AMENDMENT RIGHT TO AN JURY TRIAL, DUE TO THE PLAINTIFFS SENTENCE OF OVER SIX (6) MONTHS OF INCARCERATION. THE COUNTY JUDGE IMPOSED A SENTENCE OF EIGHTEEN (18) MONTHS WITH NO MINIMUM RELEASE DATE.

IN THE CASE OF COMMONWEALTH VS. FERRARA, 487 PA. 392, 409 A. 2D 407 (1979) ON THE OTHER HAND A CONTEMPT WOULD BE INDIRECT IF NOT IN THE PRESENCE OF THE COURT OR DIRECTLY AFFECTING A PROCEEDING IN PROGESS. A CONTEMPT IS CONSIDERED TO BE DIRECT IN OPEN COURT. FOR EXAM EXAMPLE, AN ATTORNEY, DEFENDANT OR WITNESS WILLFULLY AND INTENTUALLY FAILS TO APPEAR ON AN SCHEDULED DATE. SEE MCCUSKER VS MCCUSKER, 428 PA, SUPER. 506, 631 A. 2D 645 (1993). PLAINTIFF ALLEDGE HIS ATTORNEY

Bruce Sandmyer failed to appear for his hearing before the Domestic Relations Sec, which stated Plaintiff failed to appear as ordered.

## PLAINTIFF STATES

Criminal contempts are divided into two categories - Direct and Indirect. The distinction is important because indirect criminal contempt is punishable only by a fine 42 Pa. C.S.A. 4133. While the more serious direct contempt may be punishable by imprisonment 42 Pa. C.S.A. 4132, Sec 25.4 case, Commonwealth vs. Marcone, 487 Pa. 572, 410 A. 2d 754 (1980). Commonwealth vs. Brown, 424 Pa. Super 333, 622 A. 2d 946 (1993) the statue of indirect criminal contempt is punishable by a fine only with no imprisonment, permitted, Bruzzi vs. Bruzzi, 481 A. 2d 648, 332 Pa. Super. 346 (1984)

## AFFIRMATIVE OFFENCE ALLEDGEMENT 2
### DOMESTIC RELATIONS SECTION

Plaintiff alledge that the defendants are in violation of the color of state law. Defendants are useing false registration of names as Domestic Relations Section of the Court of Common Pleas; This alledgement is based on said facts.

The defendants are in violation of their registration of name. Plaintiff Corey Harris, acted pro se claims defamation of registered name by the defendants Domestic Relations Sec, by working with persons and their families or children of the support seeker, when they are only working for the Court of Common Pleas of Erie County, or Erie County Prison or work release, for their profits by the imprisonment of the obligor by being in debt or having no money to pay the support order. There is no benefit to the children or mother when the father of the children is incarcerated, because of Domestic Relations contempt of court.

THE PLAINTIFFS CHILD SUPPORT ORDER IS STEAL ACTIVE WHILE THE FATHER OR FATHERS OR THE OBLIGOR IS PRESENTLY INCARCERATED. I'M ALLEDGEING THERE IS NO MODIFICATION SCHEDULED AND THE LAW STATES THAT IF ARREST FOR NOT COMMITTING A CRIME YOUR SUPPORT IS AUTOMATICALLY MODIFIED SEE, EDMONDS VS. EDMONDS, 53 OR APP. 539, 633 P. 2d 4, 5 (1981) ALSO CASE, WILLS VS. JONES, 667 A. 2d 331 CHILD SUPPORT PAYMENT MODIFIED FOR INCARCERATED FATHERS BECAUSE HE WAS INVOLUNTARILY IMPOVERISHED. PLAINTIFF STATES HE WAS INVOLUNARILY ~~INVOLVERUSHED~~ INCARCERATED BY THE DEFENDANTS ORDER.

## FALSE REGISTRATION OF NAME

THE DOMESTIC RELATIONS SEC, IS IN VIOLATION OF THIER NAME BY STATEING THEY ARE WORKING IN THE BEST INTEREST OF THE CHILDREN AND THE PUBLIC OR THE CITIZEN OF THE COMMUNITY WHOM SEEK SUPPORT FROM THE PLAINTIFFS ON BEHALF OF THE DEFENDANT OR SUPPORT SEEKER IN SUPPORT OF THE ERIE CO. DOMESTIC RELATION SECTION OF THE COURT OF COMMON PLEAS STATEING THEY WERE WORKING IN THE BEST INTEREST OF THE CLASS ACTION SUIT GOVERERN BY CIVIL RULE, P. OF THE COURT, WHICH THEY ARE IN VIOLATION OF THE GOVERN RULE OF CIVIL, R,P,. AS WELL AS THE COMMON PLEAS COURT WHO IS WORKING FOR THE DOMESTIC RELATIONS AND OR SPONSESHIP WITH THEIR INFORCEMENT OF THE DEFENDANT DOMESTIC RELATIONS SEC, DUE TO THEY BELIEVE THE PROGRAM IS WORKING IN THE SUPPORT SEEKERS BEST INTEREST AT HAND. THEREFORE! AGAIN THIS PROGRAM OF DOMESTIC RELATIONS SHOULD HAVE BEEN ON THE BOARD OF ELECTIONS VOTER BALLOT DUE TO THE COURT OF COMMON JUDGE WAS WORKING WITH THE DOMESTIC RELATIONS SEC, PROGRAM AS A THIRD PARTY, HOLDING MEETINGS WITH THE JUDGE BEFORE COURT HEARINGS OR WITHOUT THE SUPPORT SEEKER OR THE SUPPORT OBLIGOR BEING PRESENT OR WITHOUT COUNSEL PRESENT

OR THE OBLIGOR KNOWING ABOUT SUCH MEETINGS.

### ALLEDGMENT 2-A

PLAINTIFF STATES THE HONORABLE STEPHANIE DOMITROVICH AND OTHER COMMON PLEA JUDGES IS WORKING WITH OR FOR THE ERIE COUNTY DOMESTIC RELATION SECTION. PLAINTIFF CLAIMS THIS IS AN ETHIC VIOLATION OF HER DUTIES AS COURT JUDGE. GIVEN THE PUBLIC TO BELIEVE THE PROGRAM IS IN THE BEST INTEREST OF THE PLAINTIFF, HIS HOME OR FAMILY AND OR HOUSEHOLD AFFAIRS. ALL PERTAINING TO THE HOME OF THE CHILD OR CHILDREN OF THE PLAINTIFF.

PLAINTIFF COREY HARRIS STATES THAT THE MEANING OF THE NAME DOMESTIC RELATIONS SEC, IS FALSE AS WELL AS FALSE REGISTRATION WHICH VIOLATES THE LAW AND THE CLASS ACTION SUIT OF SUPPORT, GIVEN BY CIVIL, RULES, P,. PLAINTIFF STATES AS A PUBLIC CITIZEN AND VOTER OF ERIE COUNTY. CITIZEN OF ERIE COUNTY SHOULD HAVE BEEN AWARE OF SUCH COMMUNITY DEFAVATION OF FATHERHOOD TORT BY ERIE CO. GOVERNMENT OF DOMESTIC RELATIONS DUE TO THEIR TORT OF FATHERHOOD ARREST. DUE TO THE HIGH NUMBER OF IMPRISONMENT OF THE FATHERS OF THE CHILDREN IN ERIE CO. MOST OF THE CHILDREN FATHERS ARE IN ERIE COUNTY PRISON OR WORK RELEASE FOR THIS CIVIL MATTER OF CHILD SUPPORT. THE SEEKER OF THE SUPPORT OF THE CHILD IS BEING REPRESENTED BY THE ERIE CO. DOMESTIC RELATIONS SEC, TO INFORCE THE CHILD SUPPORT ORDER FROM THE OBLIGOR SUCH AS PLAINTIFF IN HIS SUPPORT ORDER INFORCEMENT.

PLAINTIFF STATES AS A VOTER HE SHOULD HAVE BEEN AWARE OF OR BY THE ERIE CO. OFFICALS OF SUCH PROGRAMS OF INFORCEMENT FOR PAYMENT FROM A CITIZEN THAT LIVES BELOW THE POVERTY LEVEL WITH A YEARLY INCOME OF HOUSEHOLD OF $12,000.00 OR LESS. PLAINTIFF STATES HIS INCOME OF HOUSEHOLD YEARLY WAS LESS THAN $12,000.00 AND WAS JAILED FOR NOT EARNING MORE OR BEING IN DEBT.

PLAINTIFF STATES HE WAS GIVEN A EIGHTEEN (18) MONTH SENTENCE FOR BEING IN DEBT OF AN COMMUNITY POVERTY DEBT OF CHILD SUPPORT, OF AN AMOUNT OF $4,000.00. BECAUSE OF THE SUPPORT STILL BEING ACTIVE THE DEBT IS NOW $14,000.00 AS OF 9/07/05. EVEN THOUGH NO CRIME HAS BEEN COMMITTED THE PLAINTIFF STILL REMAINS INCARCERATED. PLAINTIFF ALLEDGES THE ERIE CO. DOMESTIC RELATIONS SEC, IS WORKING WITH OR FOR THE ERIE CO. PRISON THAT PROFITS FROM THE ARREST OF THE CIVIL ARREST OF THE CHILD SUPPORT. PLAINTIFF VOTED FOR SUCH POLITICAL ELECTION AND ITS VISION OF THE COMMUNITY AND FOR THE SAFETY OF THE COMMUNITY.

### BASED ON CONFINDMENT

PLAINTIFF STATES THIS PROGRAM INCARCERATED THE OBLIGOR FOR SUPPORT AND STATES IN/AN) THAT IT'S A CRIME SHOULD HAVE BEEN ON THE STATE BUREAU OF ELECTIONS OR THE ERIE CO. BOARD OF ELECTIONS FOR THE VOTERS TO VOTE ON BASED ON THE PROGRAM OF D.R.S. WAS BEING ALLOW TO BRING THE OBLIGOR TO COURT IN FRONT OF THE WORKING JUDGE FOR THE ALLEDGEMENT OF WILLFULLY IN CONTEMPT AS IF THERE WAS AN AUTHORITY OF THE LAW INFORCEMENT AGENCY AS WELL AS WITHOUT THE PROPER TRAINING, AND THE POWER OF JUDICIAL LAW, AND ENFORCEMENT OF OTHER AUTHORITY OF JURISDICTION OF LAW. THIS IS FALSE REGISTRATION OF NAME DUE TO THE PROFITS.

PLAINTIFF STATES THAT A PERSON IS GUILTY OF A MISDEMEANOR OF THE THIRD (3RD) DEGREE IF HE/SHE BY FALSE PRETENSE OBTAIN FROM ANY CLUB, SOCIETY OR COMPANY FOR IMPROVING THE BREAD OF THE PROGRAM OF DOMESTIC RELATIONS SEC, AS THE COUNTY SUPPORT INFORCEMENT OF THEIR OFFICERS OF AUTHORITY ACTING AS THE NAME OF FAMILY HOUSEHOLD HOME AFFAIRS, WHEN PLAINTIFF IS DEVOTED TO FAMILY AND HOME LIFE. PLAINTIFF STATES DOMESTIC RELATIONS SEC, IS ACTING AS IF THEIR NAME IS CATERING TO HOME IMPROVEMENT OF THE OBLIGOR OR SUPPORT SEEKER.

## ALLEDGEMENT 3-A1

PLAINTIFF STATES DUE TO THE FALSE PRETENSE OF DOMESTIC RELATIONS SEC, OBTAINING OR HAVE OBTAIN THE REGISTRATION OR TRANFER OF THE REGISTRATION FOR THE PURPOSE OF ANY CHILD SUPPORT ORDER PROFITS ORDER FOR THEIR PROFIT OR ANY THIRD (3RD) PARTY PROFITS. SUCH AS THE ERIE CO. PRISON AND THE ERIE CO. PRE-RELEASE CENTER. PROFIT OF ANY CHILD, MAN, WOMAN AND FATHER FOR IT'S HERD OR OTHER REGISTER OF NAME OR KNOWINGLY GIVES A FALSE PEDIGREE OF ANY CHILD OR OF IT'S FATHER IS GUILTY OF THIS ALLEDGEMENT OF THE THIRD (3RD) DEGREE MISDEMENOR. IN WHICH FATHERS OR PARENT LIVING IN CLOSE ASSOCIATION WHICH AS HUMAN BEINGS LIVING OR WORKING FOR FOOD OR TO ADAPT A CHILD SO AS TO BE CULTIVATED BY THE PROGRAMS VISION OF THE COUNTY PROGRAM. THE COUNTY IS THE ONLY ONE THAT BENEFITS FROM THE PROFIT OF THE CHILD SUPPORT OBLIGOR. BY INCARCERATING THE FATHER OF THE ORDER OF SUPPORT THE PROGRAM STAY ACCO ACCUSTOM TO HOUSEHOLD LIFE, WORK TO TAKE SOMETHING DOMESTIC OR UNFAMILIAR UNFAMILIAR TO THE SUPPORT SEEKER WHOM BELIEVES THE PROGRAM AND THE COURT ARE FOR ONE'S OWN USE, RESAULTING IN THE FATHER OR OBLIGOR HAVING TO ADJUST TO DOMESTIC LIFE BY THE IMPRISONMENT OF THE OBLIGOR.

I'M ALLEDGEING THE DEFENDANTS ARE GUILTY OF FALSE REGISTRATION OF NAME DOMESTIC RELATIONS SEC,. PLAINTIFF ALLEDGE THIS CLAIM IS A MISDEMENOR OF THE THIRD DEGREE AS WELL AS VIOLATIONS OF THE INTERNATIONAL HUMAN RIGHTS PROTECTION UNDER THE DOMESTIC CIVIL RIGHTS LAW. PLAINTIFF STATES THE INTERNATIONAL TREATY LAW OF DOMESTIC CIVIL RIGHTS HAVE BEEN VIOLATED BY THE ERIE CO. COURT OF COMMON PLEA AND DOMESTIC RELATIONS SEC. DUE TO THE HIGH NUMBER OF INCARCERATIONS AT THE ERIE CO. PRISON.

## AFFIRMATIVE OFFENSE ALLEDGEMENT 3-A2

PLAINTIFF ALLEDGE THAT THE DOMESIC RELATIONS SEC., ARE PRESENTING DOMESTICATING. THEY ARE CONVERTING THE CLASS ACTION SUIT INTO THE MAIN GOAL OF IMPRISONMENT BY WORKING WITH JUDGE STEPHANIE DOMITROVICH AND UNDER THE NAME OF DOMESTIC RELATIONS SEC., THE COUNTY JUDGE THAN IMPOSE AGGRAVTED SENTENCES FOR THE CIVIL MATTER OF CHILD SUPPORT ORDER OF CONTEMPT. WHICH HAPPENS TO BE A CIVIL MATTER AND NOT A CRIMINAL CRIME OF ANY SUB-SECTION CRIMINAL CODE OF THE LAW. AGAIN THIS IS A FALSE REGISTRATION OF NAME.

PLAINTIFF STATES THE DEFENDANTS ARE TAM TAMEING THE FATHER OF THIS SUPPORT ORDER CASE DOCKET NO'S. NS2002005363, NS200202708, AND NS902811 AS CRIMINAL DOCKET NUMBERS. IT'S A CIVIL VIOLATION OF THE CLASS ACTION SUIT TO MAKE A CRIME OUT OF PLAINTIFF SUPPORT CASE. THE DEFEDANT STATES THEY'RE INFORCEING THE DEFENDANTS// ORDER OF SUPPORT FOR THE SUPPORT SEEKER AND THE CHILD OR CHILDREN. PLAINTIFF ALLEDGE THE DEFENDANT IS USEING A FORM OF ANIMAL TAMEING BY USEING THE FATHERS OR THE CHILDREN OR MOTHERS FOR GENERATION OF BREEDING.

### AFFIRMATIVE OFFENSE ALLEDGEMENT 3-A 3

PLAINTIFF STATES THIS IS THE FIRST CASE REPORTED TO THE U.S. DISTRICT COURT. DUE TO CLAIMS OF VIOLATION OF PLAINTIFF CIVIL RIGHT AND VIOLATION OF COLOR OF STATE LAW. PLAINTIFF ALSO STATES THE COURT OF COMMON PLEAS AND DOMESTIC RELATIONS ARE USEING AND OR ESTABLISHING A SEPERATE ACCOUNT THROUGH THE ERIE CO. PRISON AND ERIE CO. PRE-RELEASE CENTER. PLAINTIFF STATES THIS A VIOLATION OF THE ELECTION CODE LAW, AS COUNTY ACCOUNTS AND THEIR PARTERSHIP ACCOUNTS ARE BEING USED AS A JUDICIAL CAMPAIGN ACCOUNT. THE JUDGE (STEPHANIE DOMITROVICH) IS OPERATING IN BEHALF OF THE ERIE CO. DOMESTIC RELATION SECTION DUE TO THE COMMON PLEA JUDGE HAS SHOWN AND DECIDED TO WORK AND COOPERATE WITH THE DOMESTIC RELATIONS THAT WORKS AS OF A TREASURER OF THE JUDICIAL COMMITTEE

OF THE COURTS OF ERIE CO. THE JUDGE IS ACTING AS A SUPERVISOR FOR THE DOMESTIC RELATIONS SEC., TO ALLOW THE ERIE CO. PRISON AND THE ERIE CO. P.R.C TO OPERATE FOR PROFIT BY CHARGEING THE OBLIGOR THAT HAPPENS TO BE INCARCERATED $73.50 PER WEEK AND PROVIDE HIS OWN FOOD AND TRANSPORTATION FROM HIS POVERTY LEVEL INCOME. THE PRISON RECIEVE THAYBUR THEIR PROFIT BECAUSE OF THE INCARCERATION OF THE OBLIGOR DUE TO A CHILD SUPPORT CONTEMPT OF ORDER IMPOSED BY JUDGE STEPHANIE DOMITROVICH.

THIS IS, OR WAS DONE WITHOUT NOTIFYING THE SECRETARY OF THE COMMONWEALTH TO OBTAIN NECESSARY FORMS THAT ARE AVAILAB AVAILABLE AT THE STATE BUREAU OF ELECTIONS OR THE COUNTY BOARD OF ELECTIONS. THE COUNTY DOMESTIC RELATIONS AND THE COMMON PLEA COURT DID NOT REGISTER WITH THE COMMITTEE AS THEY RECIEVED AN AMOUNT OF OVER $250.00 DUE TO THE FACT THEY RECIEVE $73.50 PER WEEK FROM AN ESTIMATED 100 INMATES THAT GO BACK AS FAR A 1997.

THE JUDGE OF COMMON PLEA COURT IN COOPERATION WITH THE ERIE CO. PRISON, WHICH IS RECIEVEING COUNTY GOVERNMENT MONEY, OR CONTRIBUTIONS FOR THE ILLEGAL INCARCERATION OF THE CHILD SUPPORT OBLIGOR. SEE CASE HECK VS. HUMPHREY 512, U.S. 477. 114 S.CT. 2364. 129 L.ED. 2D 383 (1994).

### AFFIRMATIVE OFFENCE ALLEDGEMENT 3 - A4

THE CONSTITUTIONAL TORT BY STATE OFFICERS 42 U.S.C.A 1983 PROVIDES EVERY PERSON WHO, UNDER COLOR OF ANY STAUTUTE ORDINACE REGULATION CUSTOM OR USAGE OF ANY STATE OR TERRITORY SUBJECTS OR CAUSES TO BE SUBJECTED TO ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THERFOF TO THE DEPRIVATION OF ANY RIGHTS. PLAINTIFF STATES THAT HIS CIVIL RIGHTS WERE VIOLATED BY THE COURT AND WORKING FOR THE THIRD PARTY, DOMESTIC RELATIONS SEC.

PLAINTIFF STATES THE DEFENDANT VIOLATED THE COURTS ELECTED DUTIES.

SUCH A CASE UNDER THE JURISDICTION OF THE LOCAL POLICE AND THEIR TERRITORY OVER WHICH AUTHORITY IS EXERCISED.

IN ONE FORM OR OTHER THE TERRITORY OF DOMESTIC RELATIONS OF THE CO. OF ERIE IS IN VIOLATION OF THE THIRD CLASS CITY CODE LAW, AS WELL AS THE 2001 LAW OF NO CHILD OR CHILDREN LEFT BEHIND ACT. ECT.,.

BY THE INFORCEMENT OF ORDERS OF SUPPORT OUTSIDE OF THE ERIE CO. AREA. SUCH AS PLAINTIFFS ST. LOUIS, MO, CASE OF CHILD SUPPORT IN ERIE CO. COURT. DOCKET NO. NS200200563 GIVEN TO THAT THERE WAS NO WARNING OF SUCH A LAW THAT ALLOWED SUCH A PROGRAM TO USE THE CHILD SUPPORT DOCKET NO. AS A NUMBER OF THE CRIMINAL SUB-SECTION CODE OF CRIMINAL LAW, FOR A CIVIL SUPPORT CASE OF CHILD SUPPORT ORDER OF CONTEMPT OF COURT, ARREST AND HOLD THE OBLIGOR FOR SUPPORT. THIS IS AN ILLEGAL ARREST. SEE HECK VS. HUMPHREY 512, US. 477. 114 S. CT. 2364, 129 L. ED. 2D 383 (1994) FALSE ARREST, RESULTING INCARCERATION FOR A CIVIL MATTER OF SUPPORT WHERE NO CRIME HAS OR WAS COMMITTED. PLAINTIFF IS NOT ONLY SAYING THE INFORCEMENT OF THE CHILD SUPPORT OBLIGATION AN ERROR BUT ALSO DENIEING THE PLAINTIFFS REQUEST FOR MODIFICATION OF HIS SUPPORT ORDER. PLAINTIFF STATES HIS SUPPORT ORDER SHOULD HAVE AUTOMATTICALY BEEN MODIFIED. SEE CASE EDMONDS VS. EDMONDS, 53 OR. APP. 539, 633 P. 2D, 4.5 (1981) ALSO SEE WILLS VS. JONES, 667 A.2D 331 CHILD SUPPORT PAYMENT MODIFIED FOR INCARCERATED FATHER BECAUSE HE WAS INVOLUNTARILY IMPOVERISHED. PLAINTIFF STATES HIS DEBT WAS AND IS NOT WILLFUL.

### AFFIRMATIVE OFFENSE ALLEDGEMENT 4

PLAINTIFF STATES THE JUDGE IN THIS CIVIL LITIGATION IS IN CONTEMPT OF HER DUTIES AS JUDGE AS WELL AS IN CONTEMPT OF GENERAL ASSEMBLY RULES OF LAW. IT IS A MISDEMENOR OF THE THIRD DEGREE UNDER CRIMES CODE 5110 FOR A PERSON OR JUDGE TO BE DISORDERLY OR CONTEMPTUOUS IN THE PRESENCE OF COURT OR EITHER BRANCH OF THE GENERAL

GENERAL ASSEMBLY, OR TO NEGLECT OR REFUSE TO APPEAR IN THE PRESSENSE OF COURT/ U.S. DISTRICT COURT OR EITHER BRANCH AFTER HAVING BEENING SERVED LAWFULLY WITH A SUBPOENA TO APPEAR. COMMONWEALTH VS. BAKER, 564 PA. 192, 198, 766 A.2D 718, 722 PA. SUPER. 1998 APPEAL GRANTED 560 PA. 695, 743 A.2D 913 (1999).

THIS ALLEDGEMENT IS DUE TO THE ERIE CO. PRISON IS HOLDING THE PLAINTIFF WITHOUT A CRIMINAL DOCKET NO. OF A CRIME OF THE CRIMINAL SUB-SECTION CODE OF THE LAW BASED ON THE JUDGE (STEPHANIE DOMITROVICH) COURT ORDER TO INCARCERATE PLAINTIFF FOR EIGHTEEN MONTHS WITHOUT A MINIMUM RELEASE DATE IS A ILLEGAL SENTENCE.

DUE TO THE ERIE CO. PRISON AND ERIE CO. PRE-RELEASE CENTERS PROFITS JUDICIAL CANDIDATES FOR OR OF PUBLIC OFFICE ARE REQUIRED TO FILE A CAMPAIGN FINANCE REPORT OR CAMPAIGN FINANCE STATEMENT THAT IS SEPERATE FROM AND IN ADDITION TO HIS/HER CAMPAIGN COMMITTEE. REPORTING AT ELECTIONS IS TO CLARIFY REPORTING OBLIGATIONS OF CANDIDATES AND POLITICAL COMMITTEES AT ELECTIONS NOW OCCURRING DURING THE YEAR. THIS IS FOR THE CANDIDATES FOR PUBLIC OFFICE AS WELL AS A POLITICAL PARTY COMMITTEE SUCH AS COUNTY PRISON POLITICAL COMMITTEE.

### AFFIRMATIVE OFFENSE ALLEDGEMENT 4-A

THIS PLAINTIFFS AMENDED CLAIMS THE DOMESTIC RELATIONS SEC., IS WORKING WITH THE DEPT. OF PUBLIC WELFARE AS WELL AS THIER COUNSEL OF KUBINSKI, SUSKO AND SCHONTHALER AT 135 EAST SIXTH ST., ERIE, PA 16501. TO WORK IN CONSPIRACY TO INCARCERATE PLAINTIFF. PLAINTIFF STATES THEY WORK IN AGREEMENT TO PROFORM AN ILLEGAL, WRONGFUL AND SUBVERSIVE ACT. DUE TO PLAINTIFFS SEPTEMBER 23, 2004 LITIGATION FILE WITH THE U.S. DISTRICT COURT ON CIVIL RIGHTS FILES OF PLAINTIFFS PROPERTY RIGHTS CASE. THIS WAS AN UNLAWFUL ACT TO CAUSE DISRUPTION OF FEDERAL LITIGATION AS WELL AS INTERFERENCE OF PROCEEDINGS OF CASE 04-281-E.

THIS ALLEDGEMENT CLAIMS THE DOMESTIC RELATIONS SEC., IS WORKING AS LAW ENFORCEMENT OFFICIALS. THIS ALONE IS FALSE IMPERSONATION OF A LAW ENFORCEMENT AGENCY. THE PLAINTIFF ALLEDGE THAT THEIR ACTION IS A FRAUD OFFENCE, OF ANY PRACTICE OF THE LAW IS A MISDEMENOR OF THE 2ND DEGREE OF CRIME CODE 4115 AS WELL AS VIOLATION OF THE COLOR OF STATE LAW CRIMES RELATING TO UNAUTHORIZE USEAGE IS IMPERSONATION AND FALSE REGISTRATION OF NAME. DUE TO THE DEFENDANTS ET, AL HAS SUBMITTED STATEMENT TO LAW ENFORCEMENT OFFICES FOR THE ARREST OF THE SUPPORT OBLIGOR FOR CHILD SUPPORT PAYMENTS TO COURT OF COMMON PLEAS OR ANY OTHER LAW ENFORCEMENT AGENCY.

PLAINTIFF STATES THE WARRANT FOR THE ARREST OF THE OBLIGOR OF THE SUPPORT ARE BEING ISSUED WARRAN ILLEGALLY BECAUSE THERE WAS NO CRIME COMMITTE AS WELL AS NO CRIMINAL SUB-SECTION CODE NO. FOR THE ALLEDGE CRIME ON THE WARRENT OF ARREST OF THE OBLIGOR. A WARRANT FOR ARREST COULD BE ISSUED IF THE DEFENDANT IN THIS CASE THE OBLIGOR FAIL TO RESPOND TO A CITATION OR SUMMONS SERVED PERSONALLY OR BY CERTIFIED MAIL RETURN RECEIPT REQUESTED AS WELL IF THE CITATION OR SUMMONS IS RETURNED UNDELIVERED, THIS IS ALL THE ISSUANCE OF THE ARREST WARRANT.

PLAINTIFF STATES THAT HIS ALLEDGE WILLFUL CONTEMPT WAS NOT OF ANY CRIMINAL ACT OR OF BEING IN DEBT. THE DOMESTIC RELATION SEC; ALLEDGE CRIMINAL OR WILLFUL CONTEMPT VERSUS INDIRECT CONTEMPT. FOR THE COURT TO HAND DOWN AN EIGHTEEN MONTH SENTENCE THE JUDGE SEEMS TO BE WORKING FOR OR WITH THE DOMESTIC RELATIONS SEC. AND NOT IN THE BEST INTEREST OF THE CHILD OR CHILDREN OR THE BEST INTEREST OF THE CLASS ACTION SUIT AND OBLIGOR OF THE SUPPORT SEEKER. BY DENIEING PLAINTIFFS MODIFICATION DO TO NOT HAVING ANY MONEY AT HAND OR ASSETS. SEE CASE, KAREL CARR VS. CARR 779 P. 2D 429. THE INCARCERATED OBLIGOR OR PLAINTIFF IS INCARCERATED FOR NOT REPORTING OR REPORTING CHANGE OF INCOME OR EMPLOYMENT IS IN VIOLATION OF THE 5TH AMENDMENT OF DOUBLE JEOPARDY. PLAINTIFF STATES CUSTODY ILLEGAL

AT 499. PLAINTIFF IS CHALLENING THE SPECIFIC SENTENCE OF EIGHTEEN MONTHS (18). THE COMMON PLEAS COURT IS USEING THE YERKES VS. YERKES, 782 A.2D 1068 PA SUPPER (2001) TO KEEP THE SUPPORT ACTIVE WHILE THE OBLIGOR REMAIN IN PRISON AND UNABLE TO PAY. THIS PROCESS IS IN VIOLATION OF PLAINTIFFS FIFTH (5TH) AMENDMENT RIGHT OF DOUBLE JEOPARDY. THERE WAS NO FAIR NOTICE OF THIS GOVERNMENT MASS TORT. SEE COLLINS, 497 U.S. AT 43.

PLAINTIFF ALLEDGE ENTRAPMENT BY THE DEFENDANTS AND THE COURTS JUDGE (STEPHANIE DOMITROVICH) DUE TO DOUBLE JEOPARDY.

CRIMES CODE 313, PLAINTIFF STATES THIS SECTION 313 IS THEREFORE DIFFERENT FROM THE JUDICIALLY CREATED SUBJECTIVE ENTRAPMENT DEFENCE WHICH WAS AVAILABLE UNDER FORMER PA. LAW. THE MODEL PANEL CODE DRAFTSMAN NOTED THAT THIS ALTERNATIVE FORMULATION OF THE ENTRAPMENT DEFENCE WAS CONSTRUCTED IN THE LIGHT OF MR. JUSTICE FRANK FURTERS WHICH SPEAKS ONLY TO THE CONDUCT OF THE POLICE. THE DOMESTIC RELATIONS SEC., ALTHOUGH NOT TRAINED ACTED AS THE POLICE OR SOME OTHER AUTOR AUTHORIZE LAW ENFORCEMENT AGENCY.

PLAINTIFF ACTED PRO SE ON CIVIL RIGHTS CASE 04-369-E ALLEDGE THIS OFFENCE OF DEFENDANTS DEFENCE OF THEIR MOTION TO DISMISS PLAINTIFFS COMPLAINT. PLAINTIFF STATES THE DEFENSE IS AVAILABLE TO ANY DEFENDANT OF ORDER OF SUPPORT OR OTHER ALLEDGED CRIMES,

IN IRRESPECTIVE OF HIS/HER SUBJECTIVE CHARACTER PROVIDED THE BEHAVIOR OF THE PROSECUTION WHICH IN THIS CASE JUDGE STEPHANIE DOMITROVICH AND DOMESTIC RELATIONS SECTION. THE DEFENDANTS CREATED THE RISK OF LAW BIDEING CITIZENS TURNING TO CRIME IN ORDER TO PAY SUPPORT ORDER. PLAINTIFF CLAIMS VIOLATION OF COLOR OF STATE LAW.

AFFIRMATIVE OFFENSE ALLEDGEMENT 4-C

TO ARREST ON THE PRESUMPTION A DEFENDANT HAS THE MEANS TO PAY IS A PRESUMPTION OF EVIDENCE SEE., MCCORMICK EVIDENCE 345 4TH ED 1992. THE PRESUMPTION THAT THE FATHER HAD THE MEANS TO PAY. IN ADDITION A PRESUMPTION THAT BURDEN CONSTITUTIONALLY POTECTED INTEREST MAY BE UNCONSTITUTIONAL. THERE IS NO PRESUMPTION OF PLAINTIFFS GOOD CHARACTER AS A FATHER IN HIS CASE. SEE CASE STANLEY VS. ILLINOIS. THE U.S. SUPREME COURT HELD THAT ILLINOIS PRESUMPTION THAT AN UNWED FATHER WAS UNFIT VIOLATED HIS RIGHTS TO DUE PROCESS AND EQUAL POTECTION OF THE LAW.

THE COURT STATES PROCEDURE BY PRESUMPTION IS ALWAYS CHEAPER AND EASIER THAN INDIVIDUALIZED DETERMINATION IN CIVIL CRIMINAL CASES. THE USE OF A PRESUMPTION AGAINST A PARTY IN A CIVIL CASE MAY NOT NEVERTHELESS VIOLATE THE CONSTITUTION CONSTITUTIONAL RIGHTS OF THE PARTY (PLAINTIFF) WHICH IN THIS CASE THE PETITIONER COREY HARRIS SR.

PLAINTIFF STATE THE INTERNAL REVENUE SERVICE SHOULD EXAMINE THIS LEGAL MATTER AT HAND SINCE 1997. THE COUNTY HAS BEEN INCARCERATING THE OBLIGOR FOR THE CIVIL MATTER OF SUPPORT. THE OBLIGOR IS INCARCERATED ON THIS MATTER OF CONTEMPT OF COURT ORDER OF CHILD SUPPORT. IT'S ALL A BIG TORT BY THE ERIE CO. COURT OF COMMON PLEAS, JUDGE STEPHANIE DOMITROVICH AND ERIE CO. GOVERNMENT. JUDGE DOMITROVICH WORKING AS FAMILY COURT JUDGE IS WORKING WITH ERIE CO. DOMESTIC RELATIONS AND THE DEPT. OF PUBLIC WELFARE. THE ACTION OF THIS COURT IS A JUDICIAL MISCONDUCT OF ETHICS RULES VIOLATION BY THE JUDGE, RULES THAT REQUIRE JUDGES TO AVOID IMPROPRIETY BY HOLDING SECRET MEETINGS WITH MEMBERS OF THE DOMESTIC RELATIONS SECTION.

## CONCLUSION

PLAINTIFF SEEKS RELEASE FROM INCARCERATION, DAMAGES OF LOSS POPERTY AND BUSINESS DEVELOPEMENT.