IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COREY HARRIS,** ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | C.A.No. 04-369 Erie |
| ) | District Judge McLaughlin |
| **DOMESTIC RELATIONS SECTION, et al.** ) | Magistrate Judge Baxter |
| Defendants. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants Domitrovich and Domestic Relations Section [Document # 40] be granted.

It is further recommended that Plaintiff should not be permitted to amend his complaint as to Defendants Domitrovich and Domestic Relations Section.

**II    REPORT**

    **A.    Procedural History**

Plaintiff, Corey Harris, currently an inmate at the Erie County Prison, in Erie, Pennsylvania, filed this civil rights action. Plaintiff names Erie County Judge Stephanie Domitrovich and the Erie County Domestic Relations Section as Defendants[1] and alleges that they have violated his constitutional rights in their assessment and enforcement of Plaintiff's child support obligations.

Defendants Domitrovich and Domestic Relations Section are the only defendants who have been served and they have filed a motion to dismiss. Plaintiff has filed an Opposition to

---

[1] In his original complaint, Plaintiff also named several other individuals as Defendants including Vivean Tate, Denise Nelson, Mark Causgrove, and Robin Tate. To date, these other Defendants have not been served.

the motion to dismiss and so, the issues as to these two defendants are ripe for disposition by this Court.

### B.     Standards of Review

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to

support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C. Judicial Immunity

Judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Piskanin v. Hammer, 2005 WL 613644 (E.D.Pa.,2005) (applying judicial immunity to "district justice"). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356. Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, the challenged actions of Defendant Domitrovich were taken in her judicial capacity and were within her respective jurisdiction. Thus, Defendant Domitrovich is absolutely immune and her motion to dismiss should be granted.

### D. Sovereign Immunity

In order to establish liability under § 1983, plaintiff must show that: (1) he was deprived of rights secured by United States Constitution or laws of United States, and (2) he was subjected or caused to be subjected to constitutional deprivation by person acting under color of state law. 42 U.S.C.A. § 1983.

Plaintiff seeks damages from the Domestic Relations Section of the Erie County Court of Common Pleas. The Eleventh Amendment proscribes actions in the federal courts against

states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)). Thus, unless Erie County Court of Common Pleas has consented to suit here or the Congress has expressly abrogated this institution's Eleventh Amendment immunity, neither of which has occurred, this case should be dismissed against the court.

Therefore, Defendant Domestic Relations Section should be dismissed from this action.

### E.    Futility of Amendment

Plaintiff should not be allowed to amend his complaint against Defendants Domitrovich and Domestic Relations Section as such an amendment would be futile.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

The amending of the complaint will not overcome immunity (either judicial immunity or sovereign immunity). By separate Order issued today, Plaintiff will be permitted to file an amended complaint as to all other Defendants.

**III      CONCLUSION**

For the foregoing reasons, it is respectfully recommended that that the motion to dismiss filed by Defendants Domitrovich and Domestic Relations Section [Document # 40] be granted.

It is further recommended that Plaintiff should not be permitted to amend his complaint as to Defendants Domitrovich and Domestic Relations Section.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: November 15, 2005