# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COREY HARRIS PROSE
   PLAINTIFF.

VS.

DOMESTIC RELATIONS SECTION, et al.
   DEFENDANTS.

C.A. NO. 04-369-Erie
D.J. McLaughlin
M.J. Baxter
11-28-05 E.C.F. I.D. 2428

MOTION TO OBJECT TO THE COURT REPORT AND RECOMMENDATION AND TO GRANT PLAINTIFF AMEND #(13), (#11).

   THIS MOTION IS BEING FILED ON BEHALF OF COREY HARRIS ACTED AS PROSE, HAS FILED A LEAVE TO AMEND DOCKET #(13) TO CORRECT CORES OF PLAINTIFF ORIGINAL COMPLAINT UNDER CIVIL RULES PROCEDURE 15(A) WHICH WAS A AFFIRMATIVE OFFENSIVE OF EFFECTIVENESS OFFENSE ALLEDGEMENT FROM THE PLAINTIFF IN SUPPORT OF THE DEFENDANT MOTION DOCUMENT# (40) TO DISMISS PLAINTIFF COMPLAINT OF THE ABOVE CASE#.

THE DEFENDANTS FILED A MEMORANDUM OF LAW IN SUPPORT OF THERE MOTION, AND PLAINTIFF RESPONDED TO THE DEFENDANT MOTION TO DISMISS BY FILEING A AFFIRMATIVE OFFENSIVE, TO "ATTACK" THERE DEFENSIVE. WHICH MAKES IT COHERENT FOR THE AMEND ALLEDGEMENT, ON THE BASE OF THE ORIGINAL COMPLAINT, SO (DOCUMENT #13) SHOULD BE GRANTED. AND #11)

   IN SUPPORT AS FOLLOWS:

"AND NOW COMES" THE PLAINTIFF COREY HARRIS ACTED PROSE, AND FILES THE WITHIN MOTION TO OBJECT TO THE COURT REPORT AND RECOMMENDATION TO DISMISS THE DEFENDANTS DOMESTIC RELATION SECTION AND Domitrovich from THIS CIVIL ACTION BASE ON Judicial and Sovereign Immunity Statute of THE 11th Amendment.

MOTION OF STAY STATING AS SUPPORT AS FOLLOWS:

1.) THE PETITIONER AFFIRMATIVE OFFENSE ALLEDGMENT WAS A PATTERN OR STYLE OF SCORING "ATTACK".

2.) PETITIONERS MEMORANDUM OF LAW REPORT WAS EVIDENCE ENTITLED TO SUPPORT PLAINTIFF CLAIMS OF THE DEFENDANTS FRAUDULENT INVOLVMENT OR PROCEEDING FROM "FRAUD" ON MATTERS OUT SIDE OF THE COURT OF Common Pleas See, Alledgment #2 page 4,5 AND page 12 Alledgment 4-A on Case C.A. No. 04-281-E AND Alledgment 2-A page 6, 7 AS well AS page 9 Alledgment 3-A2 AND 3-A1 page #8.

3.) Alledgment 1-A WAS Also on matters out side The Court "INDirect." All THE Above Alledgment was to support Claims for relief that was Also Consistent With the original Complaint filed by the Plaintiff In his allegations See, Hishon V. King & Spaulding 467 U.S. 69, 73 (1984)

2

4.) All the above alledgments was to support claimes for relief. Also See, Neitzke, Schever V. Rhodes, 419 U.S. 232 (1974) Petitioner states for the Court to Permint his Amend Alledgement to be Presented as New Issues See, Beavers V. Lockart, 755 F.2d 657, 662 8th Cir (1985)

5.) Petitioner states that the 42. U.S.C. 1983 was base on seeking relief from federal Court litigation on Civil Rights Acts of 1871 Rev Stat, As Amendce 42.U.S.C. 1983. base on Malicious Prosecution action of as from officials. for claims of unconstitutional treatment At the hands of State & County officials A 1983 And federal habeas Corpus Statute 28 U.S.C. 2254 which Provide access to A federal forum, See, Preiser V. Rodriguez 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed 2d 439 (1973)

6.) In the Court Sited case of mt. Healthy City Board of Education V. Doyle, 429 U.S. 274 (1977) State agencies, Edelman V. Jordan, 415 U.S. 651 (1974) State employees acting in their official Capacity. Petitioner states that the Court Can not use that methodology of the above Case, due to it Uniformly Applies to the County Domestic Relations Section Employees, due to they are Not State Employees But County (Employees.)

3

Petitioner states Also that the Court Used A Presumption in Granting the defendants "Motion" (Document #40) A motion To Dismiss Petitioner Complaint. A Presumption As Support As follow:

A.) A Presumption is A Rule of Law that Attaches definite Probative Value to Specific facts or draws A Particular Inference As to the Existences of one facts, Not Actually Know, ARISING from It's Connection with other Particular fact's which are know or Proved See, Watkins V. Prudential Ins. Co of America 315 PA. 497, 173 A. 644 (1934)

B.) The Court Presumption Can not be based upon A Presumption Nor Can An Independent Inference be based upon Another Inference See, Keefer V. Pacific mut. life. Ins. Co. of California, 201 PA. 448, 51 A 366 (1902) In many cases the Courts have held or At least stated the Aforesaid Principle that A Presumption Can not be based on another Presumption, The Court Presumption that the defendants acted within their official Capacities. See, Alledgment 4-A page #12. of Amend.

## Presumption

7.) Also the court should not have alledge that the Petitioners Affirmtive offense Amend was lacking cohesion or connection with, out giveing the Petitioner a fair opportunity to correct the cures or deficiencies. The Court previous allowed, the Plaintiff to cure or correction that was base on the defendant motion to dismiss, base on the statue of the 11th Amendement. Immunity. See, Stone V. Powell Issue whether a Petitioner had an opportunity for full and fair litigation of his 4th 5th, 7th 8th, 14th 1st Amendmet Claims on the State Court defendants et.al. Freely opportunity. Foman V. Davis, 371 U.S. 178, 182 (1962).

8.) Plaintiff state that his complaint was filed base on his confinement of unlawful cutody which require this suit followed by the interpsetive methodology employed in Preiser V. Rodriguez, 411 U.S. 475 (1973) Also look at case, Jehes V. Lockart, 851 F.2d 1115, 1116, 1116 8th Cir (1988) because Petitioner was proceeding as Prose in District Court and denying review of claim raised for first time on Appeal would result in injustice.

9.) Plaintiff state that Congress has made A Error in It's language of the statute of the 11th Amendment immunity, by not be clear in there language. Supported facts as follow:

  1.) It is not clearly stated that the Court or County Employees that work in the Court of Common Pleas, are immune from Suit under the above Statue of The 11th Amendment.

  2.) Petitioner states that, due to the Court Proceeding was held with out being recorded or transcribe on Case matters out side of the Court Such As Indirect Criminal Contempt, See, page 4, Alledgement 1-A, of Plaintiff Amend.

  3.) The Court or Congress was reluctant to find an implied waiver of the 11th Eleventh Amendment immunity, due to the defendants and there Co-Conspirators Actions was with malicious Intent by the County Domestic Relations Employees See People v. Schwimmer, 47 N.Y. 2d 1004, 420 N.Y.S. 2d 218, 394 N.E. 2d 288 (1979) legislature has adopted a unilateral approach to Conspiracy defendants, Could be Convicted even though his or there Co-Conspirators were an Police officer, Etc..

6

10.) THE defendants use the Court of Common Pleas for there Position to cause deprivation of A Class Action Suit thats Govn by Civil Rules P, 23, to deceit the Public and Its Citizens of its fraud Action See, Morris The Relation of Criminal Statutes to Tort Liability, 46 Harv. L. Rev. 453, (1933) Thayer, Public Wrong and Private Action, 27 Harv. L. Rev. 317 (1914) An example is found in Fitzgerald V. Pan American World Airways, 229 F. 2d 499 2 d cr (1956) See Plaintiff Alledgement Affirmative offense page 4,5 Alledgment 2.

11.) The Court holding of the case Parden V. Terminal Ry 1964, 84 S. Ct. 1207, 377 U.S. 184 12 L. Ed. 2d 233 with regard to the 11th Amendment It has been overruled. Also In the case of Welch V. Texas Dept of Highways and Public Transp. 1987, 107 S. Ct. 2941 483 U.S. 468, 97 L. Ed 2d 389 which has been reaffirmed to the extent that It held that an FELA Action Can be brought against a State owned railroad In a State Court where the 11th Eleventh Amendment does Not apply Hilton V. South Carolina Public Railways Commn, 1991 112 S. Ct. 560, ___ U.S. ___ 116 L. Ed. 2d 560.

12.) Congress can remove a States 11th Amendment immunity when Congress is legislating under 5 of the fourteenth Amendments See, Fitzpatrick V. Bitzer, 1976, 96 S.Ct. 2666, 427 U.S. 445, 49 L.Ed 2d 614 Congress can Intend to overrule a States 11th Eleventh Amendment immunity But It must do so with unmistakable clarity See, Blatchford V. Native Village of Noatak and Circle Village, 1991, 111 S.Ct. 2578, 2584, 501 U.S. 775 __ 115 L.Ed. 2d 686. Petitioner Also stats that It has not been demonstrated by Congress that the District Court lacks Jurisdiction our by the Court Magistrate In the Courts Presumption over the immunity Statue over the Court who holds Subject matter which exists. See, Bender V. William Sport Area School Dist. 1988, 106 S.Ct. 1326, 1331, 475 U.S. 534, 541 89 L.Ed 2d 501.

13.)     THE Courts IN A Conflict of Interest
         IN SUPPORT AS Follows:

A.) The Federal Government Provides funds to the Program Of The Domestic Relations Section Of Erie County PA, So that It Can function accordingly To Law. See, Affirmative Alledgment pg #6, #7 3-A3, pg #10

B.) Petitioner states the Court of U.S. District Court is in A Conflict of Interest due to the Domestic Relations Section Program, receiveds a Supply of money or monetary resources as for the purpose of the Program Enforcement office for the Program functions. etc. which is operateding A Fraud, See page #10 Alledgment 3-A3 of Amend.

C.) Petitioner Alledges that the Program of Domestic Relations Sec. have not fairly and adequately Protected the interests of the Class in there Support Actions. ect. there for should not be Granted Immunity. Under the 11th Amend.

D.) In addition to the foregoing in congress legislative Categories the language failed in Speaking about Public laws and Private laws Private laws must also be mentioned by Congress. Public laws are those which are designed to affect the general Public as distinguished from Private laws which are Passed to meet a Special need of an Individual or Small group. So Any Violations of this Law Should not be Granted immunity At "All". See page #8 Alleged ment 3-A1, Page #4, 5, page #7 Alledgment 2-A

E.) In some cases the distinction is hard to justify as when a special interest group like Erie County Domestic Relations Section promotes legislation to seek Support Enforcement from the obligor for being in Debt, and then incarcerate the obligor. This falls back in to the hands of Congress who funds the County Program. It also comes in the hand of Congress in there language when it comes down to violating international laws or civil laws which is used to describe the domestic law of individuals States as distinguished from the law of Nations called Public International law in common law countries, like the U.S. Court, Common Pleas Court of Erie County PA.

F.) Civil Law refers to the governing relations between persons and private entities, in distinction to criminal law and administrative law which involve State regulation of conduct which the 11th Amendment immunity Statue would not apply to this civil suit of case 04-369-E, and would not apply to violations of civil Rights and Treatises laws under the civil legal system of all civil law system.

13.) Treatises laws are the Instruments by which Sovereign nations can agree to Act with other nations In there legislative from which is base on Petitioner Alledgment of his Affirmative 2-A page 6,7 Petitioner states the defendants should be deny immunity of the 11th Amendment And be require to Answer Petitioner Amend. Petitioner MOTION THE Court of A STAY on Defendants, Domitrovich And Domestic Relations Section And to Grant Petitioner Document # 11, 13. IN Support of this Objection to Dismiss.

14.) Petitioner is Seeking Federal Jurisdiction 1991, 62 U. Pitt. L. Rev. 383 Redish, and Muench. Adjudication of federal Cause of Action IN or as a result of A State or County Program Actions of A "Fraud" from A State court Program which fall under Rules of Civil Procedure 23 Civil Judicial Procedure and Rules 1976, 75 mich. L. Rev. 311.

    IN Statement
Plaintiff State that the U.S. Court Can "Shepardiz", this Alledgment case 04-369-E Amend to correct, And Use good method for determing If this case is still good law base on this objection of the Court R and R on the base of language of the legislation of Congress. etc,

## IN CONCLUSION AN MEMORANDUM OF LAW

15.) Plaintiff states that the U.S. Court order the Petitioner to file A Memorandum of Law, IN Support of his Amend/Correct Cores, Petitioner did file A Memorandum of Law which was evince to show clearly and to make evident which was to Prove his claim had base for the Court to "denie" the defendants (Document # 40) See, Blanchette V. Cataldo, 734 F.2d 869 (1st Cir 1984) Interference with Contractual Relationship Blake V. Levy, 191 Conn, 257, 464 A.2d 52 (1983) Same middlesex Concrete Products and Excavating Co.f. V. Carteret Industrial Association 68 N.J. Supe 85, 172, A.2d 22 (1961) Same Extension of Immunity "evinces" the strong policy behind the Privilege to leave reasonably unobstructed the Paths which lead to the ascertainment of truth, Briscue Supra, and to encourage witnesses with knowledge of facts relevant to Judicial Proceeding to give complete and unintimidated testimony, Binder V. Triangle Publications Inc, 442 Pa, 319, 324, 275 A.2d 53, 56. The Constitutional Protection Against <u>Ex Post Facto Laws</u> is base upon two Simple Principles; First, Citizens are entitled to "fair" warning" of legislative Acts in order to conform their behavior in accordance with the Laws See, Weaver V. Graham 450 U.S. 24, 28, 29 (1981).

16.) Petitioner states in his Conclusion that the 11th Amendment Judicial Sovereign Immunity Violates the Constitutional Laws and the Rights of the 1st, 4th, 5th, 8th, 14th Amendments of the Constitutional Law. Petitioner stated As Support As follow:

A.) Base on the Judgment of the Court in there Judicial Capacity which was base on the Court Sovereign Authority, and there "Royal" having Support in there Supreme Rank and Power of being above all others, in Character, importance, excellence, etc. Pertaining to Judicial Judgments in Court Actions of Justice, or to the administration of Justice Pertaining to Court of Law or to Judges, etc. All in Which is Not "GOD" As to the defendants et al 1st Amend Right

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES THAN ON THE 28th DAY OF NOVEMBER, 2005 A COPY OF THE WITHIN DOCUMENTS OF OBJECTION IN IT'S MOTION OF STAY, OF DOCUMENTS (11), (13). Was SENT OUT VIA-INMATE IN-house mail, TO be Served on all Counsel of record and U.S. Clerk of Courts.

CC:   A. TAYLOR WILLIAMS, ESQUIRE
       U.S. CLERK OF COURT

Corey Harris PROSE
COREY HARRIS
E.C.P. I.D. # 2428
11-28-05