IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Corey Harris, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | C.A. No.: 04-369 ERIE |
| | : | |
| Domestic Relations Section, et al., | : | |
| Defendants | : | Magistrate Judge Baxter |

# BRIEF IN SUPPORT OF MOTION FOR JUDGEMENT ON THE PLEADINGS PURSUANT TO FED. R.C.P. 12(c) FILED ON BEHALF OF DEFENDANT, DENISE NELSON

AND NOW, this 28th day of April, 2006, comes defendant, Denise Nelson, by and through her counsel, Matthew J. McLaughlin, and files this brief in support of motion for judgement on the pleadings pursuant to Fed. R.C.P. 12(c), stating in support thereof the following:

I.   **Statement of Facts**

Plaintiff has filed a rambling pro se complaint alleging some type of constitutional violation related to an alleged miscalculation of his child support obligation by defendant, Domestic Relations, which led to a prison sentence imposed by defendant, Honorable Stephanie Domitrovich (hereinafter "defendant Domitrovich"), based upon a finding that plaintiff was in contempt of existing support Orders.

Plaintiff has alleged, among other things, that defendant, Denise Nelson, (hereinafter "defendant Nelson"), an enforcement officer employed by defendant Domestic Relations, provided defendant Domitrovich with inaccurate and falsified information regarding plaintiff's employment status and support obligations, which ultimately lead to defendant Domitrovich finding that plaintiff was in contempt of his support Orders and plaintiff's jail sentence.

Defendant Nelson filed an answer denying all of the material allegations set forth in plaintiff's complaint.

II.   **Argument:**

**PLAINTIFF'S § 1983 CLAIM AGAINST DEFENDANT DENISE NELSON IS BARRED BECAUSE THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM UNDER THE ROOKER-FELDMAN DOCTRINE AND THEREFORE PLAINTIFF HAS FAILED TO SET FORTH A CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

Plaintiff's contention that defendant Nelson is liable under § 1983 for providing inaccurate and falsified information to the Court, which led to plaintiff's incarceration for contempt of support Orders, is barred under the Rooker-Feldman doctrine, which prohibits the District Courts from exercising jurisdiction over a case that is a functional equivalent of an appeal from a State court judgement. Marran v. Marran 376 F3d, 143, 149 (3d Cir. 2004) The Third Circuit describes the Rooker-Feldman doctrine as "precluding lower Federal Court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a State Court". Parkview Associates Partnership v. City of Lebanon, 225 F.3d, 321, 324 (3d Cir. 2000). "If the relief requested in the Federal action requires determining the State Court's decision is wrong or would void the State Court's ruling, then the issues are inextricably entwined and the District Court has no subject matter jurisdiction to hear the suit". Gulla v. North Strabane Township, 146 F.3d, 168, 170, 171 (3d Cir. 1998) (quoting Focus v. Allegheny Court of Common Pleas, 75 F.3d, 834, 840 (3d Cir. 1996)

In order for this Court to grant plaintiff any relief in the instant case, a determination would have to be made that the investigation conducted by defendant, Domestic Relations was improper or ineffectual and that the information provided to the Court by defendant Nelson, relative to plaintiff's employment status, wages and support obligations was false. Defendant Domitrovich conducted a hearing and found, based upon the evidence presented, that plaintiff was in contempt of the support Orders, which led to his incarceration. This Court is precluded

from making a determination that the information provided to defendant Domitrovich was false, which would necessarily lead to the conclusion that Judge Domitrovich's decision was wrong. Plaintiff's recourse is to pursue an appeal in State Court.

This Court lacks subject matter jurisdiction in the instant case under the <u>Rooker-Feldman</u> doctrine and plaintiff has failed to set forth any allegations in support of a viable § 1983 claim.

WHEREFORE, it is respectfully requested that this Honorable Court recommend that the claims of plaintiff, Corey Harris, against defendant, Denise Nelson, be dismissed, with prejudice.

Respectfully submitted,

<u>S/Matthew J. McLaughlin</u>
Matthew J. McLaughlin
Assistant Solicitor for Erie County
246 West Tenth Street
Erie, Pennsylvania 16501
(814) 454-1010
Counsel for defendant,
Denise Nelson

Dated: April 28, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Corey Harris, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | C.A. No.: 04-369 ERIE |
| | : | |
| Domestic Relations Section, et al., | : | |
| Defendants | : | Magistrate Judge Baxter |

## **CERTIFICATE OF SERVICE**

_____The undersigned hereby certifies that a true and correct copy of the within brief in support of motion for judgement on the pleadings pursuant to Fed. R.C.P. 12(c) filed on behalf of defendant, Denise Nelson, was served upon plaintiff, Corey Harris, on April 28, 2006, via United States, first class mail, postage pre-paid, and upon all counsel of record via electronic filing, in accordance with the applicable Rules.

By:  S/Matthew J. McLaughlin
Matthew J. McLaughlin
Assistant Solicitor for Erie County
246 West Tenth Street
Erie, Pennsylvania 16501
(814) 454-1010
Counsel for defendant,
Denise Nelson

Dated: April 28, 2006