IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Corey Harris, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | C.A. No.: 04-369 ERIE |
| | : | |
| Domestic Relations Section, et al., | : | |
| Defendants | : | Magistrate Judge Baxter |

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R.C.P. 12(b)(1) AND 12(b)(6) FILED ON BEHALF OF DEFENDANT, MARK CAUSGROVE

AND NOW, this 28th day of April, 2006, comes defendant, Mark Causgrove, by and through his counsel, Matthew J. McLaughlin, and files this brief in support of motion to dismiss plaintiff's complaint pursuant to Fed. R.C.P. 12(b)(1) and 12(b)(6), stating in support thereof the following:

**I.    Statement of Facts**

Plaintiff has filed a rambling pro se complaint alleging some type of constitutional violation related to an alleged miscalculation of his child support obligation by defendant, Domestic Relations, which led to a prison sentence imposed by defendant, Honorable Stephanie Domitrovich (hereinafter "defendant Domitrovich"), based upon a finding that plaintiff was in contempt of existing support Orders.

Plaintiff alleges that defendant, Denise Nelson (hereinafter "defendant Nelson"), an enforcement office for defendant, Domestic Relations, falsified documents and did not present documents to the Court that allegedly resulted in an erroneous determination regarding plaintiff's employment status and his support obligations and ultimately caused plaintiff to receive a prison sentence.

Plaintiff alleges that defendant, Mark Causgrove, supervised defendant Nelson and did not prevent her from providing inaccurate information to the Court regarding plaintiff's employment status and support obligations.

## II.  Argument:

**PLAINTIFF'S § 1983 CLAIM AGAINST DEFENDANT, MARK CAUSGROVE IS BARRED BECAUSE THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM UNDER THE ROOKER-FELDMAN DOCTRINE AND THEREFORE, PLAINTIFF HAS FAILED TO SET FORTH A CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

Plaintiff's contention that defendant Causgrove is liable under § 1983 for failure to properly supervise defendant Nelson, which led to plaintiff's incarceration for contempt of support Orders, is barred under the Rooker-Feldman doctrine, which prohibits the District Courts from exercising jurisdiction over a case that is a functional equivalent of an appeal from a State court judgement.  Marran v. Marran 376 F3d, 143, 149 (3d Cir. 2004) The Third Circuit describes the Rooker-Feldman doctrine as "precluding lower Federal Court jurisdiction over claims that were actually litigated or 'inextricably intertwined' with adjudication by a State Court".  Parkview Associates Partnership v. City of Lebanon, 225 F.3d, 321, 324 (3d Cir. 2000). "If the relief requested in the Federal action requires determining the State Court's decision is wrong or would void the State Court's ruling, then the issues are inextricably entwined and the District Court has no subject matter jurisdiction to hear the suit".  Gulla v. North Strabane Township, 146 F.3d, 168, 170, 171 (3d Cir. 1998) (quoting Focus v. Allegheny Court of Common Pleas, 75 F.3d, 834, 840 (3d Cir. 1996)

In order for this Court to grant plaintiff any relief in the instant case, a determination would have to be made that the investigation conducted by defendant, Domestic Relations was improper or ineffectual and that the information provided to the Court by defendant Nelson,

relative to his employment status, wages and support obligations was false. Defendant Domitrovich conducted a hearing and based upon the evidence presented, found that plaintiff was in contempt of the support Orders which led to his incarceration. This Court is precluded from making a determination that the information provided to defendant Domitrovich was false and that defendant Causgrove failed to properly supervise defendant Nelson, which would necessarily lead to the conclusion that Judge Domitrovich's decision was wrong. Plaintiff's recourse is to seek State Court appellate review.

This Court lacks subject matter jurisdiction in the instant case under the Rooker-Feldman doctrine and plaintiff has failed to set forth any allegations in support of a viable § 1983 claim.

WHEREFORE, it is respectfully requested that this Honorable Court recommend that the claims of plaintiff, Corey Harris, against defendant, Mark Causgrove, be dismissed, with prejudice.

                Respectfully submitted,

                S/Matthew J. McLaughlin
                Matthew J. McLaughlin
                Assistant Solicitor for Erie County
                246 West Tenth Street
                Erie, Pennsylvania 16501
                (814) 454-1010
                Counsel for defendant,
                Mark Causgrove

Dated: April 28, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Corey Harris, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | C.A. No.: 04-369 ERIE |
| | : | |
| Domestic Relations Section, et al., | : | |
| Defendants | : | Magistrate Judge Baxter |

## CERTIFICATE OF SERVICE

_____The undersigned hereby certifies that a true and correct copy of the within brief in support of motion to dismiss plaintiff's complaint pursuant to Fed. R.C.P. 12(b)(1) and 12(b)(6) filed on behalf of defendant, Mark Causgrove, was served upon plaintiff, Corey Harris, on April 28, 2006, via United States, first class mail, postage pre-paid, and upon all counsel of record via electronic filing, in accordance with the applicable Rules.

By:   S/Matthew J. McLaughlin
      Matthew J. McLaughlin
      Assistant Solicitor for Erie County
      246 West Tenth Street
      Erie, Pennsylvania 16501
      (814) 454-1010
      Counsel for defendant,
      Mark Causgrove

Dated: April 28, 2006