U.S. District Court
Western District of PA.

Corey Harris PROSE
V. Plaintiff
Domestic Relation et, al
Defendants

FILED
'06 MAY 24 A10:31
CLERK
U.S. DISTRICT COURT

C.A. NO. 04-369-E
M.J. BAXTER
5/24/06

Brief in Response to defendants Motion to dismiss Pursuant to Fed. R.C.P. 12(C) Stating in Support thereof the following:

Statement of facts 1.

1.) Robin Tate, Vivean Tate, filed to Respond to the Court order dated may 12, 2006 therefore denie the defendant averments with Plaintiff is without Sufficient knowledge to form a belief as to the averments therefore denie them.

2.) Plaintiff is without Sufficient knowledge to the defendant motion to dismiss therefore denie them. As to Rooker-feldman doctrine

3.) On 12/15/04 Plaintiff was Incarcerated from 2/17/06 Exhibit B-2006 1 of 3



And Now, This 24th day of May, 2006

Comes plaintiff Corey Harris Acted As PROSE. And files this brief in Support of motion two Grant Plantiff civil suit 42 1983. Pussuant to Fed.R.C.P. 12(b)1 and 12(6), 12(C)

Brief in Support of motion to Grant case to trial by Jury or relief on claims against defendant Denise Nelson, mark cousgrove. et,al grounds for relief Seg, cf. Tower V. Glover, 467 U.S. 914, 923, (1984)

Stating In Support thereof the following:

1.) false Statement, and Report to Enforcement office employed by the Court. of common pleas. D.X.S Called into question by a federal courts..

2.) The District Court Does not lack Jurisdiction under Rooke-Feldman doctrine.

3.) Claims upon which Relief can be Granted. Does not prohibits the District Court from exercising Justice that is a functional equivalent of an Criminal Act offense under 18 PA C.S. 4906 relating to false report to law enforcement authorities that led to Plaintiff 14 months incarceration to challenge his conviction.

4.) Base on false report was submitted improper or ineffectual and that the information provided to the court by defendant Nelson relative to Plaintiff Corey Harris employment status of Company Wages of 2004 Business Plan and employment Exhibit # C-A 2006 C-1 2006 C-2 2006. Exhibit # G-2 2006 also medicial F-2006 O-2006 1 of 3 after the fact.

5.) Support obligation was unlawfully and false. Evidence presented to the court was false the 42 1983 well determined that the information provided was false on Plaintiff yearly income Exhibit # C-2 2006 C-A 2006 G-2 2006.

## Memorandum of Law

Plaintiff has the burden of proof in the establishing of a preponderance of Evidence the facts which support his claim for relief Mckenzie V. McCormick 27 F.3d 1415 (9th Cir (1994)

Plaintiff has not failed to meet his burden of proof that he was in custody in violation of the U.S. Constitution or laws of the U.S. as required by 28 U.S.C 42 1983 Base on all Exhibits, in support of all facts.

### Statement of facts 2.

Under Section Edmonds Vs. Edmonds, 53 OR APP 539, 633 P.2d 4,5 (1981) Also Wills Vs. Jones 667 A.2d 331 child support payment modified for incarcerated father Because he was involuntarily impoverished No crime was committed by Plaintiff. Heck V. Humphrey, 512 U.S. 477, 114 S.Ct 2364, 129 L.Ed.2d 383 (1994) the question whether Plaintiff may challenge the constitutionality of his conviction in a suit for damages or mental, or emotional monetary damages see Herman V. Holiday, 238 F.3d 660 666 5th Cir 2001)

state policy is presumed Constitutional and must be upheld against equal Protection challenge if there is any reasonably conceevable state of facts that could provide a rational base for the classification of 42 1983 Civil Rights. See, Heller, 509 U.S. at 319-320 State policy's.

Rational Relationship See, Dallas V. Stanglin, 490 U.S. 19, 26 (1989) the essential question of rational basis Scrutiny is not whether the States policy lacks wisdom, fairness and logic but simply whether it is rational in light of the States objectives. in Heller, 509 U.S. at 319, 320. Sentence triggers the Constitutional Right to a Jury trial see Taylor V. Hayes 418 U.S. 488, 94 S.Ct. 2697. 41 L.Ed.2d 897 (1974)

Criminal Contempt alleged Violative action must be clearly Prohibited by the Abuse Act Violation of Indirect Contempt. Commonwealth V. Baker, 564 PA 192, 766 A 2d 328 (2001) was not to receive 18 months

Statement of facts  3.

The defendants are in Violation of their Registration of Name Enforcement Plaintiff Corey Harris Acted PROSE, claims defamation of Registered Name as well as defamation of his Name along with Business Plan 2004 Interruption See, Exhibit D-2006, E-2006 G-2006, H-2006 C-² 2006 C-¹ 2006. The Common-law Cause of action for malicious prosecution provides the closet analogy to claims of the type considered here because the action of false report, and false arrest or imprisonment 42 1983 Permits damages for confinement imposed Pursuant to legal process of action in Criminal proceeding in favor of the accused the U.S District Court hold that in order to recover damages for allegedly unconstitutional Conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a Conviction or Sentence Plaintiff must prove that the Conviction or Sentence has been reversed on or by

the defendants invalid by a state tribunal authorized to make such determination or called into question by a federal court issuance of a violation of Plaintiff 4th Amendment Right to be free from unreasonable seizure of Person and violation of Plaintiff 5th and 14th Amendment Right of Due Process. brings a 1983 civil suit for Damage saying an issue that also could be grounds for relief cant challenge on Plaintiff conviction or sentence base on false report ect. See Tower v. Glover, 467 U.S. 914, 923 (1984). See Case 05-111-E

Claim was therefore properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions including loss of good time and Business Plan 2004 Seeking Business loss of 2.5 million for relief Damage an exhaustion of state remedies is not a prerequisite to an action under 1983 Patsy V. Board of Regents of Fla. 457 U.S. 496 501

The question whether Plaintiff may challenge the constitutionality of his conviction in a suit for Damages under 42 U.S.C. 1983 at 478 provides access to a federal forum for claims of unconstitutional treatment at the hands of the defendants et al officer or County officials fraudulent characterized by involving or proceeding from fraud, working with the Dept of Public welfare, the defendant used there positantion as deceit or trickey perpetrated for profit or to gain some unfair or dishonest advantage pretends to deceitful person Robin Tate, Viviane Tate et al, If such information is not fathcoming within a reasonable period of time rendition should be denied as to the defendant Rocker-Feldman doctina the court should denie the motion to dismiss Plaintiff complaint failed on behalf of defendant Attorney. See, Exhibit # A-2006

<u>Statement of facts</u> 4.

Information Supportive is the post-Doan Case of Zambito V. Blair, 610 F 2d 1192 4th Cir (1979) where the court asserted did not read Doan as precluding a court inquiry into the correctness of a statement contained in the demanding papers that a Judicial finding of probable cause had been made. See Exhibit # B-2006 1 of 3

<u>Rule 1910.26</u>. Support order Enforcement was Violated by the defendants et al As they Acting under color of State law which is one of the Requirements of a Section 1983 action

<u>Rule 1915.1</u> Action for Custoday was Violated by the defendants. Rules govern by the practice and procedure in all actions for Custody including those of claims for Custody Physical Custody and Shared Custody Proper Venue under Rule 1915.2 Review hearing at §512.2. Commencement of proceedings of false reports PA CSD 6101, see Exhibit # A-2006.

fair opportunity redressing on unjust incarcerated at 257-58 Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) defendants conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others See Smith v. Wade, 461 U.S. 30. 56.(1983) Exhibit # A-2006 ect.

The Rooker-Feldman doctrine does not order the authorizing of the appropriate court of District Court or Appeals to consider the Plaintiff as required by 28 U.S.C. 2244/54 or Civil Right 1983 under Civil Rules 8, 23 from false report? a person who knowingly gives false information to any law enforcement authorize under 18 PA.C.S. 4106, and under 18 Pa.C.S.A 903 Criminal Conspiracy, a person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating it's commission.

## Statement of facts 5.

18 Pa.CSA 911 Corrupt Org. Prohibited Activities on defendants under civil matters 23 In Support of 1983 civil Rights claim against the defendant Denise Nelson, mark Cousagrove, Robin Tate, Vivean Tate. Base on title 20 Babay Seting Income checks in Support of the Domestric Relation 3 rd party of the office of Children and Youth. Exhibit # A-2006 defendant used their enforcement office of domestric Relations, et al employed by defendant Nelson and Causgrave regarding Plaintiff Corey Harris Children and Youth Case. Plaintiff States he was Invollnarily Incarcerated by the defendants order and Sentences to 18 months imprisonment See Exhibit # B-2006 1 of 3 base on false report. Support order was false given to the Cost of Common Pleas Judge et, al. Plaintiff states he was Invollnarily Incarcerated by the defendants orders Edmonds vs. Edmonds, 53 Or App 539, 633 P. 2d 4.5 (1981)

Also Wills vs. Jones, 667 A2d 331 Child Support payment modified for incarcerated father. Plaintiff 1983 claim against the defendants Denise Nelson, Mark Causgrove is approated for the U.S. District Court? Civil Right claims litigated after the Defendant false statement to the Supporting Judge. Allowing the Support order to stand as true by the defendant. "advancement of alleged miscalcuation of his child support obligation"? Only if provided true statements to the court by law under civil Rules ?, 23 May the court credit under the bar of Rooker-Feldman doctine defendant used ther enforcemet office employed by defendant Nelson, Causgrove of the Domestic Relation to cause depravation of Plaintiff Corey Harris.

<u>Due Process Violation</u>

related to an alleged miscalcuation of a $4,000 Debt submitted by Supervisor did not prevent Nelson the defendant from providing Inaccurate information to the court regarding Plaintiff employment status.

## Employment Status

defendant did not present documents to the court that allegedly resulted in an erroneous determination regarding Plaintiff Business Plan of 2004 employment status See Exhibit# C-2006 and C-A 2006 C-1 2006 the defendant interrupted Business Plan Development See Exhibit# D-2006 and E-2006.

## Base on Evidence Presented

Causgrove failed to Properly Supervise defendant Nelson after Plaintiff address his concern in has midication, files which would necessarily lead to the conclusion the decision was wrong an Plaintiff Should be rewarde by the Court under the 8th Amendment of Cruel and Unusual Punishment 14th Amend Rights. See Exhibit# F-2006 Two weeks after Sentence. See case 04-369-E 3-21-05 filing Relief Claims

Wherefore, It is respectfully requested that this Honorable Court recommend that the claims of Plaintiff, Corey Harris, against defendant Denise Nelson, Mark Causgrove be Granted for Relief and or Granted for trial by Jury.

This District Court does not lack Subject matter jurisdiction in the instant Case under Rooker-Feldman doctrine, Do to Plaintiff 8th Amed Violation on his 3/20/05 motion allegations Set forth to support a 1983 claim Do to the false report from defendant Nelson, et al Violated Plaintiff 4th 5th 8th 14th Amendment Right All base on Confinement. 14 months.

### Statement of facts 6.

I Corey harris was deprived of my Due Process Right of the 5th an 14th Amend. the defendant knew that I was being deprived and did not respond reasonably defendant Acted with deliberate indifference See, Exhibit # F-2006 O#-2006 1of 3

See, case Wilson V. Seiter 501 U.S. 294 (1991) by both defendants knew about Exhibit F-2006 know of the condition and did not respond to it in a seasonable manner, See, Farmer V. Brennan, 511 U.S. 825 1994 base on Plaintiff Poison Condition States a claim of the 14th Amendment and 5th an 4th of Seizure of Personal & Property the defendant denied expanded Job opportunities for Plaintiff Start-up Business See Exhibit #G-2006

<u>Statement of fact</u> 7.

I the Plaintiff is motion the Court to Shepardize this case based on the violation of Plaintiff Due Process Right of the 5th and 14th Amend. the Plaintiff Raising this question of fact of his Constitional Right of Due Process of Law. Base on false Report. under 18 PA.C.S.A 4906 See, Exhibit # O-2006 1 of 3, F-2006, etc.

Defendant deprive me of my Personal life as well as property without due process of law in their trust Base on there postion of the Domestic Relation, deprive any person of life liberty or property without due Process of law, nor deny to any Person within its Jurisdiction the Equal Protection of the law false report of Income see Exhibit # G-2 2006 the Act of declaration by defendant, Nelson, deposition two give the Judge true and sworn testimony in response to oral or written question or statement regreeding Plaintiff Income or employment, medical statement see, Exhibit # I-2006 See, Vocational Rehabilitation J-2006 also Base on Housing see Exhibit K-2006 and Exhibit # L-2006.

The constitutional tort by County or state officials 42 U.S.C.A. 1983 Provides every Person who under Color of any Statute Ordinace. of Due process.

Yerkes vs. Yerkes, 752 A.2d 1068 PA Super 2001 is to keep the Support Active while the obligor Remain in Prison base on the False report. This process is in Violation of Plaintiff 5th Amendment Right of Double Jeopardy. See Collins, 497 U.S. at 43 Base on Plaintiff Debt As of 5/24/06. A liberty interest of Constitutional dimension may be derived from one of two sources, the interest may be of such Severity or fundamental importance that it triggers protection from the Constitution it Self, See Vitek V. Jones, 445 U.S. 480 (1980) or by the State if the deprivation is less severe but nevertheless amount to an atypical and significant hardship from a malicious Actions.

Response:

No response to defendant Robin Tate, Vivian Tate is needed do to defendant failed to respond to the Judge order to respond to Complaint.

<u>Relife Claim</u> of 2.5 million:

Damage relife of 2.5 million of Business Plan year 2004 Interuption See, Exhibit # D-2006, N-2006, 1of2 C-2006.

<u>Motion for Judgement</u>

on the Pleadings pursuant to Fed.R.C.P. 12(c) accordance with the applicable Rules of the Court.

<u>CERTIFICATE OF SERVICE</u>

I hereby Certify that a copy of this document was Served upon all other Parties appearing of record by first-class United States mail Sent on May, 24 2006

Respectfully Submitted,
COREY HARRIS PROSE
Corey Harris
5/24/06 (814) 340-0051
3618 P.O. Box
Erie, PA 16508