**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COREY HARRIS, )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>DOMESTIC RELATIONS SECTION, et al. )<br>    Defendants. ) | C.A.No. 04-369 Erie<br>District Judge Cohill<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I      RECOMMENDATION_____**

It is respectfully recommended that:

A)   the motion to dismiss filed by Defendant Vivean Tate [Document # 68] be granted;

B)   the motion for judgment on the pleadings filed by Defendant Nelson [Document # 69] be granted;

C)   the motion to dismiss filed by Defendant Causgrove [Document # 71] be granted; and

D)   the motion to dismiss filed by Defendant Robin Tate [Document # 73] be granted.

**II     REPORT**

**_____A.     Procedural History**

Plaintiff, Corey Harris, formerly an inmate at the Erie County Prison, in Erie, Pennsylvania, filed this civil rights action.  Plaintiff names Vivean Tate, Denise Nelson, Mark Causgrove, and Robin Tate as Defendants[1].  Defendants Nelson and Causgrove are or were employees of the Domestic Relations Section of the Court of Common Pleas of Erie County and

_____

[1] Erie County Judge Stephanie Domitrovich and the Erie County Domestic Relations Section were originally named as Defendants, but have previously been dismissed from this action.

Defendants Robin and Vivean Tate are presumably the mother and grandmother of Plaintiff's children.  Plaintiff alleges that Defendants have violated his constitutional rights in the assessment and enforcement of Plaintiff's child support obligations.

Defendants Vivean Tate, Robin Tate, and Mark Causgrove have each  filed a motion to dismiss, and Defendant Denise Nelson has filed a motion for judgment on the pleadings. Plaintiff has filed an Opposition to the pending motions and so, this case is ripe for disposition by this Court.


### B.      Standards of Review

#### 1.      *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2.    Motion for judgment on the pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is treated using the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12 (b)(6).  Eisen v. Temple University, 2002 WL 156284 (E.D. Pa. June 28, 2002), citing Turbe v. Government of  Virgin Islands, 938 F.2d 427, 428 (3d Cir.1991).  Dismissal is warranted only if it appears beyond doubt that the party asserting the claim "can prove no set of facts in support of his claim which would entitled him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir.2001).

### 3.    Motion to dismiss pursuant to Federal Rule 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977).  However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000);  Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

### 4.    Motion to dismiss pursuant to Federal Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the

plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C.    The *Rooker-Feldman* Doctrine

Defendants Causgrove and Nelson argue for dismissal of the claims against them on the basis of the *Rooker-Feldman* doctrine.  Indeed, the doctrine limits this Court's jurisdiction over Plaintiff's claims against them.  The United States Supreme Court has summarized the doctrine:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. et al. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).  See also Lance v. Dennis, ___ U.S. ___, 126 S.Ct. 1198 (February 21, 2006); Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

This holding is consistent with decisions of the Third Circuit Court of Appeals as set forth in Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321 (3d Cir. 2000), cert. denied, 535 U.S. 1055 (2002):

> This court has described the *Rooker-Feldman* doctrine as precluding lower federal court jurisdiction over claims that were actually litigated or "inextricably intertwined" with adjudication by a state's courts . . ..  Further, we have explained that a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under *Feldman*, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong."

225 F.3d at 325 (citations omitted); see also ITT Corp. et al v. Intelnet Int'l Corp. et al, 366 F.3d 205 (3d Cir.2004).

In this case, the state court ordered Plaintiff to pay child support and later jailed him for his failure to comply with the child support orders.  Thus, application of *Rooker-Feldman* in this instance is straightforward, as that doctrine does not "permit a disappointed state court plaintiff to seek review of a state court decision in the federal court by masquerading his complaint in the form of a federal civil rights action." Logan v. Lillie, 965 F.Supp. 695, 698 (E.D.Pa.1997).  "If it were otherwise, any person dissatisfied with a state ... award could seek review in the district court under the guise of a federal civil rights violation." Id.  Here, if Plaintiff were to prevail on any of his claims, this Court would necessarily be finding that the state court was wrong in its imposition of child support and its ultimate jailing of Plaintiff for failure to pay support "render[ing] [the state court] judgment ineffectual." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834 (3d Cir.1996).

In McKnight v. Baker, 343 F.Supp. 2d 422 (E.D.Pa. 2004), the federal district court was faced with  a civil rights claim concerning a state court custody case and determined that such claims were barred to the extent that they would represent "an indirect attack on the custody determination" made in the state court. Id. at 426.  The court found that the plaintiff was "essentially seeking federal court review of the decision of the Family Court denying him visitation rights" and determined that this was barred by *Rooker-Feldman*.  "McKnight's proper avenue of appeal lies in the Pennsylvania state courts. . .  'And ultimately to the Supreme Court under [28 U.S.C.] §1257.'" Id. at 426, quoting Parkview Associates, 225 F.3d at 324.   A similar result applies here.  Plaintiff's claims implicate the validity of, and are inextricably intertwined with, the state court rulings made in the course of the child support determinations.

Thus, this Court lacks jurisdiction to adjudicate any of Plaintiff's claims and therefore,

this action should be dismissed as to all the remaining Defendants.[2] [3]

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that:

      A)      the motion to dismiss filed by Defendant Vivean Tate [Document # 68] be granted;

      B)      the motion for judgment on the pleadings filed by Defendant Nelson [Document # 69] be granted;

      C)      the motion to dismiss filed by Defendant Causgrove [Document # 71] be granted; and

      D)      the motion to dismiss filed by Defendant Robin Tate [Document # 73] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

---

    [2] A decision on the merits of Plaintiff's claims here would also run afoul of the "domestic relations exception" to federal jurisdiction since it could be seen as a ruling by this court on a matter exclusively within the state court's jurisdiction. See Ankenbrandt v. Richards, 504 U.S. 689 (1992)(federal courts divested of power "to issue divorce, alimony, and child custody decrees").

    [3] This Court notes also notes that Defendants Robin and Vivean Tate are not state actors and as such cannot be held liable for the violation of Plaintiff's civil rights under § 1983.  See Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); and Lugar v. Edmuondson Oil Co., 457 U.S. 922, 937 (1982).

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: September 19, 2006

7